Richmond.

LAW v. THE COMMONWEALTH.

Absent, *Anderson, J.*

1. A boy under fourteen years of age, who assists another person in an attempt to commit a rape, may be convicted as a principal in the second degree, and, under the Virginia statute, punished the same as the principal in the first degree, if it appear, under all the circumstances of the case, that he had a "mischievous discretion."

2. In any case of felony, the principal in the second degree is punishable in Virginia as if he were the principal in the first degree.

3. The fact that a boy eleven years and eleven months old, of "average capacity" for his age, put his hand over the mouth of a female whilst his elder brother attempted to commit a rape upon her, is not sufficient of itself for his conviction as principal in the second degree of the felony of which his elder brother had been convicted.

4. The evidence of malice, which is to supply age, must be clear and strong beyond all doubt and contradiction.

This was a writ of error to a judgment of the judge of the circuit court of Franklin county, Virginia, refusing a writ of error to a judgment of the county court of said county, sentencing Nathaniel Thomas Law to imprisonment in the penitentiary for three years, on a conviction, as principal in the second degree for aiding and abetting his elder brother, John Henry Law, in an attempt by the latter to commit a rape on Martha Saunders, a girl ten years old. The whole case, as disclosed by the record, is fully stated in the opinion of the court by *Staples, J.*

*O. G. Clay,* for the plaintiff in error.

*The Attorney-General,* for the Commonwealth.

STAPLES, J., delivered the opinion of the court.

The accused was indicted in the county court of Franklin as principal in the second degree, for aiding and abetting one John Henry Law in committing the crime of rape. Upon the trial, the Commonwealth proved the offence, and that John H. Law, the principal in the first degree, had been convicted and sentenced to three years confinement in the penitentiary. It was further proved that the accused, at the time of the commission of the offence, was of the age of eleven years and eleven months. After the testimony was concluded his counsel asked the court to give the jury the following instructions:

"The court instructs the jury that if they believe, from the evidence, that Nathaniel Thomas Law was under fourteen years of age at the time of the commission of the crime charged, and did not have the capacity to commit it, they must acquit him."

"The court further instructs the jury that if they believe, from the evidence, that John Henry Law, the principal in the first degree, was not guilty of rape, but only of an attempt to commit rape, they cannot find Nathaniel Thomas Law guilty of principal in the second degree; provided, they believe he was under the age of fourteen, but must acquit him."

These instructions were refused by the court, and the accused excepted. Thereupon the jury found him guilty, and fixed his term of confinement in the penitentiary at three years. He then submitted a motion for a new trial upon the ground that the verdict was contrary to the law and the evidence; which motion was overruled and judgment rendered upon the verdict. To that judgment the accused applied for a writ of error to the circuit court; which was refused. He then applied for and obtained a writ of error from one of the judges of this court.

Law v. The Commonwealth.

The first question to be considered is, whether the county court erred in refusing the instructions asked for by the accused. The theory of these instructions, so far as we can understand them, is that John Henry Law, the principal in the first degree, was convicted of a mere attempt at rape, and as the accused, by reason of his tender years, was incapable either of the crime of rape or an attempt at its commission, he cannot be convicted of either offence—as principal in the first or principal in the second degree.

It has long been settled in England that an infant under fourteen years of age, by reason of his supposed impotency, cannot be guilty of the crime of rape or of an attempt at its commission, although he may be convicted of an assault with an intent to commit the offence. This doctrine of the English courts has never been fully recognized in this country. In some of the States it has been expressly repudiated. In Virginia it does not appear to have been passed upon by any court of the last resort. The purposes of this case do not require that it be considered now ; for here the accused is charged simply as principal in the second degree, with aiding and assisting another in the perpetration of the crime. And although the infant may himself be incapable of committing the specific offence, yet, if of sufficient natural discretion, he may be present, aiding and assisting another in its perpetration. The rule is thus laid down in 2d Archibald Crim. Prac. and Plead. 156 : " For though in other felonies, *malitia supplet œtatem,* yet as to this particular species of felony (rape) the law supposes an imbecility of body as well as of mind. But as this doctrine is founded upon the ground of impotency, rather than want of discretion, a boy under fourteen who *aids* and *assists* another person in the commission of the offence, is not the less a principal in the second degree, if it appear under all the circumstances that he had a mischievous discretion." And this is the result of all the authorities, without an excep-

tion. 1 Whart. C. Law, § 61; Ros. C. Ev., 1 Hale P. C., 630. It is not at all important to inquire whether John H. Law, the principal in the first degree, was convicted of rape or of the mere attempt. Inasmuch as he was sentenced to confinement in the penitentiary for three years only, and as the minimum punishment for rape is ten years' confinement, the inference is inevitable that he was convicted of the lesser offence. The punishment for the attempt is not less than three nor more than eighteen years imprisonment. The attempt is therefore a felony, and in every case of felony the principal in the second degree is punishable as if he was the principal in the first degree. So that the person who attempts to commit rape and does any act towards its commission, and the person who aids and abets him in that attempt, are equally guilty and alike punishable. Matthews' Crim. Digest, p. 48, § 7, p. 49, § 10. It is apparent, therefore, that the county court committed no error in refusing to give the instructions asked for by the counsel for the accused.

We are next to inquire whether the court erred in refusing to set aside the verdict and award a new trial, upon the ground that the finding of the jury was against the law and the evidence. The certificate given by the presiding judge is so very meagre, it is difficult to believe it contains all the facts proven. Inasmuch, however, as it purports so to do, we must so treat it in this case. From this certificate it appears that the accused was eleven years and eleven months old when the offence was committed. It was proved that he was a boy of average discretion for his age, and this was all that was proved on the subject of his capacity and intelligence. The question is whether, upon this proof, he was properly convicted. The law, with respect to the responsibility of infants for crime, is well settled. An infant, under seven years of age, is conclusively presumed to be incapable of crime, and no evidence

can be received to rebut the presumption. Between seven and fourteen, he is within the age of discretion, but still presumed *doli incapax*. This, however, is a mere *prima facie* presumption which may be rebutted by evidence of capacity sufficient to understand the nature of the act and its consequences. The presumption of incapacity is very strong at seven years of age, but it decreases with the progress of years. The first point of inquiry is whether the accused was able to distinguish between right and wrong, to understand the nature of the crime he was committing, and that it was deserving severe punishment. It is not intended to assert that the capacity of the offender must be proved by the direct testimony of witnesses. It may be inferred from the facts and circumstances of the particular case. The nature of the crime and the conduct of the perpetrator may of themselves present the most pregnant evidence that he knew the nature of the act and its consequences.

A case is mentioned in Hale's Pleas of the Crown of a boy between eight and nine years of age, who was executed for arson—it appearing he was actuated by malice and revenge, and had perpetrated the offence with craft and cunning. 1 Hale, P. C. Another case is mentioned of an infant of the age of ten years, who killed his companion and hid himself. He was hanged upon the ground that it appeared by his hiding he could distinguish between good and evil and *malitia supplet ætatem*. There are other cases of a similar kind in the books referred to, as illustrative of the rule that the fact of guilty knowledge may be inferred from the circumstances of the particular case. 1 Whart. § 67, and notes; 1 Archbold's C. Pl. p. 10, and notes.

In the case before us, as has been already stated, the only direct proof of capacity is that the accused was a boy of average capacity for his age. If it be meant by this that his capacity was about equal to that of other boys of the same age, the proof amounts to nothing. For the rule

which presupposes the want of requisite intelligence in a child under fourteen, is founded upon what is considered to be the average capacity of that age. It is therefore not sufficient to prove the offender possessed the amount of intelligence which other children of the like age possessed. The Commonwealth must go further, and prove that the offender in the particular case understood the nature of his act and its consequences, and especially so where he is under twelve years of age.

There is one fact certified by the court which tends, in some degree, to show that the accused was afraid of detection and endeavored to guard against it. It is that he placed his hand over the mouth of the female with a view, no doubt, of preventing her from crying out. This is certainly a circumstance to be considered; but, of itself, it is not sufficient in this case to warrant a conviction. The principal offender, no doubt the real contriver of the outrage, was the elder brother of the accused. It' may be—it is highly probable—that the latter was prompted in all that he did by the directions or persuasion of his more matured companion. At all events, it is very clear that this question of guilty knowledge, on the part of the accused, did not receive on the trial that attention and investigation to which it was entitled. In the natural abhorrence of the crime, the attention of the jury was probably diverted from a vital matter for their consideration. The confinement of a child of twelve years of age in the penitentiary is at best a lamentable occurrence. Of course, it may be done, and rightfully done, for, as has been justly said, there are many crimes of a most heinous nature which children are very capable of committing, and which they may, under some circumstances, be under strong temptation to commit, and it would be of very dangerous consequence were it thought that they may perpetrate atrocious offences with impunity.. But it must not be forgotten that the evi-

Law v. The Commonwealth.

dence of malice, which is to supply age, must be clear and strong beyond all doubt and contradiction. That evidence is wanting in this case, and upon that ground only the verdict must be set aside and a new trial had in conformity with the views herein expressed.

The judgment was as follows:

The court is of opinion, for reasons stated in writing and filed with the record, that the judgment of the county court is erroneous. It is therefore considered that said judgment be reversed and annulled, the verdict of the jury set aside, and a new trial awarded the plaintiff in error. Upon which said new trial the action and ruling of the said county court will be in conformity with the views in said opinion expressed—a copy of which is ordered to be certified to said court as a part of this judgment.

JUDGMENT REVERSED.