STATE OF WEST VIRGINIA *v.* CLAUDE DIGMAN

(No. 8960)

Submitted September 12, 1939. Decided October 17, 1939.

*Wm. T. George,* for plaintiff in error.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

KENNA, JUDGE:

This writ of error was granted to a judgment of the Circuit Court of Harrison County declining a writ to the judgment of the Criminal Court of that county, sentencing the defendant, Claude Digman, to the state penitentiary for a term of twenty years. Sentence was imposed on the twenty-fourth day of December, 1938, and followed a verdict of guilty based upon an indictment for rape, with a recommendation for mercy returned on the twenty-ninth day of November. The prosecuting witness was a young woman to whom the defendant had been married October 12, 1937. According to the State's proof, Digman and his wife were together in a bedroom of a Clarksburg hotel on the night of December 23, 1937. A negro man, for whom Digman had sent between eleven-thirty and twelve o'clock, came to the room occupied by the Digmans, and, in the presence of Digman and with his aid, had intercourse with Mrs. Digman over her protest and resistance. We think it is unnecessary to go into further detail.

Dealing with the assignments of error *seriatim,* the first is based upon the trial court's overruling a demurrer to the indictment. The indictment is in one count, was returned against both men, accused Digman of having ravished the young woman, naming her, against her will and by force; also, of being present aiding and abetting another to commit the same offense; and in addition charged that prior to the day and year named in the indictment he did unlawfully aid, abet, procure, hire and employ another to commit the offense charged. It will be seen that Digman was charged as principal in the first and second degrees and also as accessory before the fact in the single count which included accusations against another. While we cannot approve this form of indictment, we do not think that it is open to the question

that it does not give the accused adequate information concerning the charge against him. It charges him with three offenses with averments so interwoven that a superabundance of allegations would, perhaps, be more confusing than the lack of them. We are of the opinion that the indictment is sufficient. *State* v. *Vaughan,* 93 W. Va. 419 (Pt. 5 Syl.), 117 S. E. 127.

The second assignment has to do with the trial judge's refusal to strike out evidence relating to a sodomy which occurred at the same price, and at the same hour, and was participated in by two of the three persons there and then present. We do not think that the trial court erred in refusing to exclude this testimony of what may be spoken of as a coincidental occurrence with those described in the indictment. We think that the evidence objected to was practically inseparable from the evidence relating to the offense charged.

The third assignment of error is based upon the refusal of the trial judge to require the State to elect which of the offenses charged in the indictment would be submitted to the jury. Under the State's proof, there could be a proper conviction of but one offense—principal in the second degree to the crime of rape. Any other finding would constitute error, requiring the trial court to set the verdict aside. Election is simply to avoid confusion. It was unnecessary for that purpose in this case. *State* v. *Vaughan,* 93 W. Va. 419, 425 (Pt. 6, Syl.), 117 S. E. 127. There being evidence to sustain a conviction of but one of the offenses charged, there was no room for an election. The proper method of presenting the question involved would have been to have moved the court to instruct the jury that they, if convinced beyond a reasonable doubt, could find the defendant guilty only of the offense charged as principal in the second degree.

The trial court permitted a lieutenant in the Department of Public Safety to testify as to certain statements the defendant Digman made in the Marion County jail shortly after his arrest and incarceration, and in response to questions propounded by the witness. The witness did

not inform Digman that any statements he might make would be used against him in order to substantiate his guilt of the offense for which he was arrested. There were no threats, no coercion and no inducement attempted. The statements were voluntarily made. We think that they were admissible. 1 R. C. L. 565, Par. 111; *State* v. *Andy Goldizen,* 93 W. Va. 328, 116 S. E. 687..

The fifth assignment of error relates to State's instructions numbers one and two and to the fact that in each, the jury was instructed, in effect, that a husband present aiding and abetting another to have carnal intercourse with his wife violently and against her will should be found guilty as charged.

The objection to State's instruction number one is predicated upon the fact that the indictment charged him as accessory before the fact, and also as principal, and since in West Virginia accessories should be distinguished from principals, the instruction is faulty and inconsistent in telling the jury that they might return a verdict of guilty as charged. It is hardly consistent for the defendant to urge that the instruction is faulty for that reason, when his own instruction number fifteen directed the verdict, under certain circumstances, to be returned "guilty as charged."

The objection to State's instruction number two is based upon the contention that in West Virginia a husband, under no circumstances, can be guilty of raping his wife due to the language of Code, 61-2-15, which is applicable to male persons who carnally know female persons, not their wives. This Court has held that under this section, the relationship need not be negatived by an allegation in the indictment, for the reason that it constitutes a matter of defense. *State* v. *Schilansky,* 105 W. Va. 549, 143 S. E. 307; *State* v. *Fudge,* 96 W. Va. 109, 111, 122 S. E. 519. This section, of course, defines the crime of rape, and the circumstances under which a male person can be found guilty as principal in the first degree. Code, 61-11-6, deals with principals in the second degree and with accessories before the fact, placing them in the same

category as principals in the first degree respecting punishment.

If the fact need not be alleged in the indictment that the victim was not the wife of the accused, it necessarily follows that that is not one of the essential factors to be proved by the State. It seems to be a logical corollary that if that fact is set up by way of defense, it constitutes only a valid defense to a principal in the first degree conviction. This has been the established common law rule since the trial of Lord Audley, Earl of Castlehaven, in 1631, reported in 3 How. St. Tr. 401, 1 Hale, P. C. 630. See also, *Ex parte Kantrowitz,* 24 Cal. App. 203, 140 P. 1078, and *Myers* v. *The State of Oklahoma,* 19 Okla. Cr. 129, 197 P. 884, 18 A. L. R. 1057, and annotation at page 1064. By an examination of the authorities, we reach the conclusion that our statutory definition of the crime of rape is nothing more than an adoption of the integral parts of the common law definition. For this reason, because at common law a man could be guilty as principal in the second degree of raping his own wife, we are of the opinion that that rule is equally applicable under our statute.

For the foregoing reasons we affirm the judgment of both the Circuit and Criminal Courts of Harrison County.

*Affirmed.*