STATE *v.* CLARENCE R. DEROSIA.

*Willoughby A. Colby*, County Solicitor, for the State.

*Ernest L. Bell, Jr.* and *Harry C. Lichman* (*Mr. Lichman* orally), for the defendant.

BRANCH, J. This indictment charges the defendant as a principal in the second degree with a violation of R. L., *c.* 118, *s.* 19, in language which has become classic to describe such an offense. See *State* v. *M'Gregor*, 41 N. H. 407, 413. The principal argument of the defendant in support of his motion to quash is that the statute "applies only to the person actually doing the thing which constituted the offense" and does not permit of any principals in the second degree or accessories, citing in support of this proposition 14 Am. Jur. *Tit:*

Criminal Law, *s.* 83. "When a statute creates a new felony, whether out of what was before innocent, or was a misdemeanor, those who are present aiding one who personally commits it are principals." Bishop: Statutory Crimes (3d *ed.*), *s.* 139; 16 C. J. 119-120. As originally enacted the statute specifically provided that "failure to comply with the foregoing requirements shall constitute a felony" (Laws 1911, *c.* 133, *s.* 20), and so it is today. The common-law rule as to principals in the second degree has not been modified by statute in this state. See *State* v. *Buzzell,* 58 N. H. 257, 258, and *State* v. *Buzzell,* 59 N. H. 65, where the criminal liability of principals in the second degree is recognized.

The soundness of the above rule is recognized in the passage upon which the defendant relies, which reads as follows: "Except possibly in cases where a statute applies only to the person actually doing the thing which constitutes the offense, and not to all who are concerned in the offense, it may be stated as a general proposition of law that there may be principals in the second degree in all felonies, whether common law or statutory, even though the particular crime is of such a kind that it can be committed only by persons of a certain class." In order to determine whether an offense falls within the dubious exception here stated, it would seem necessary to inquire whether the statute in question evidences a purpose that punishment for the offense shall be limited strictly to the person actually committing the same. "Probably the most outstanding of these exceptions is that relating to a purchaser of intoxicating liquor who is not guilty of exciting [sic] aiding or abetting a sale thereof to himself," 14 Am. Jur. *Tit:* Criminal Law, *s.* 78. Other violations of liquor laws have been treated in the same way, as in *Looney* v. *State,* 156 Tenn. 337, where the statute provided that one who personally transported intoxicating liquor should be guilty of an offense. We find in the statute here involved no such indication of a legislative purpose that only the actual perpetrator of the offense shall be guilty of any crime. On the contrary, the general rule that there may be several parties to a crime which, from its nature, can be committed by only one, must be held to prevail.

Another reason urged by the defendant in support of his motion to quash is "that the indictment is defective in that it did not allege that the respondent Derosia knew that the felon was guilty. Knowledge must always be set out in the indictment. 1 Wharton's Criminal Law (11th ed.) 356." Here the defendant wholly misconceives the effect of *s.* 282 of Wharton's treatise. That section has to do solely

with the guilt of an "accessary after the fact to the felony of another." It has nothing to do with the liability of principals in the second degree or other accessories. The motion to quash was, therefore, properly denied.

Defendant's motions to dismiss the indictment raise the question whether there was evidence to support its allegations. We are clearly of the opinion that there was. The defendant was a passenger occupying the front seat of the automobile with Price, the driver. The car ran over and killed a girl named Corrine Walker. Price, the driver, was convicted of leaving the scene of the accident in violation of the statute. There was abundant evidence that, after the accident, Derosia said to the driver: "Let's get out of here and take me home before somebody comes." It might be found that he thus promoted or procured the commission of the crime, which constituted him an "abettor," a term which has been specifically defined as "One who promotes or procures the commission of a crime." Bouvier Law Dictionary (Cent. *ed.*) 26.

There was also evidence that in order to reach the defendant's home in Hooksett, the car was driven by a roundabout route through Epsom and Suncook which was a distance of some twenty-two miles, whereas the direct route to Hooksett was only nine miles. When asked, "How did you happen to go that way?" the witness Robbins (another passenger in the car) answered: "Clarence Derosia said, 'Go out through there and we will skip them and they can't find out who it was.'" This evidence supports the argument of the State that Derosia "laid out the 14-mile longer and roundabout route to get away before they were caught." An aider and abettor is also defined as one who advises, counsels, procures or encourages another to commit a crime. (See definitions collected in 22 C. J. S. *Tit:* Criminal Law, *s.* 85.) There can be no doubt that the defendant might be found to be an aider and abettor within this definition of those terms. The motions to dismiss were properly denied, and the order must be,

*Exceptions overruled.*

All concurred.