·STATE EX REL. JAMES V. BROWN

*v.*

WILLIAM J. THOMPSON, *Judge* OF THE INTERMEDIATE

COURT OF KANAWHA COUNTY, WEST VIRGINIA, *et al.*
(No. 12448)

Submitted April 27, 1965.          Decided June 15, 1965.

*Stanley E. Preiser, Arthur T. Ciccarello,* for relator.

*Patrick Casey, Spencer P. Simpson,* for respondents.

HAYMOND, JUDGE:

In this original prohibition proceeding instituted in this Court on March 23, 1965, the petitioner, James V. Brown, seeks to prohibit the defendants, Honorable William J. Thompson, Judge of the Intermediate Court of Kanawha County, West Virginia, and Honorable Charles M. Walker, Prosecuting Attorney of Kanawha County, West Virginia, from prosecuting him upon an indictment for a felony returned by the grand jury of the Intermediate Court of Kanawha County, West Virginia, at the Regular January 1965 Term of that court, which indictment charged Ruth Maley, as principal, with the crime of falsifying certain written accounts kept by the State of West Virginia and preparing and submitting certain false written transmittal sheets to the Auditor of this State, with intent to falsify such written accounts, in violation of Section 22, Article 3, Chapter 61, Code, 1931, and Alex Dandy, the petitioner James V. Brown, Emil Belich, Harry Lacey and John Stanton with having counseled with, aided and abetted Ruth Maley to commit such offense in Kanawha County, West Virginia.

Upon the filing of the petition this Court issued a rule returnable April 27, 1965, at which time this proceeding was heard and submitted for decision upon the petition and its exhibits, the joint and several answer of the defendants and its exhibit, and the written briefs and the oral arguments of the attorneys in behalf of the respective parties.

The material facts are not disputed and the questions presented for decision are questions of law.

The indictment against the petitioner and others as defendants, the sufficiency of which is challenged by the petitioner in this proceeding, is based upon Section 22, Article 3, Chapter 61, Code, 1931, and, omitting the name of the appearing witness and the the signature of the prosecuting attorney, is in this form:

"State of West Virginia, Kanawha County, ss:

"IN THE INTERMEDIATE COURT OF SAID COUNTY:

"The Grand Jurors of the State of West Virginia, in and for the body of the County of Kanawha, and now attending

the said Court, upon their oaths present, that within three years prior to the date of the finding of this indictment, in the County of Kanawha, State of West Virginia, RUTH MALEY, being then and there an employee, officer, clerk and agent of the State of West Virginia, did knowingly, unlawfully and feloniously make and cause to be made false entries in the written accounts kept by the State of West Virginia by preparing and submitting, and causing to be prepared and submitted, false transmittal sheets in writing accompanied by false statements and invoices in writing for Pioneer Construction Co., Inc., a corporation, to the Auditor of the State of West Virginia, which said written accounts, statements, invoices and transmittal sheets were kept by the said State of West Virginia, with intent in so doing to falsify, alter and conceal the true state of said written accounts against the peace and dignity of the State.

"And the Grand Jurors upon their oaths aforesaid do further present that ALEX DANDY, JAMES V. BROWN, EMIL BELICH, HARRY LACEY and JOHN STANTON, within three years prior to the date of the finding of this indictment in said County of Kanawha, before the felony was committed in form aforesaid, to-wit: within three years prior to the date of the finding of this indictment and in the County aforesaid, did feloniously counsel with, aid and abet the said RUTH MALEY to do and commit the said felony in said Kanawha County in the manner and form aforesaid,

"against the peace and dignity of the State."

The petitioner contends that the foregoing indictment is fatally defective in that it fails to charge him with the commission of any offense under the laws of this State and that inasmuch as it charges him with being both an accessory before the fact and an aider and abettor in connection with the commission of the offense by Ruth Maley, as principal, the indictment fails fully and plainly to inform the petitioner of the character and cause of the accusation against him. The petitioner insists that as the indictment is void for the foregoing reasons his prosecution under it should be prevented by a writ of prohibition.

On the contrary the defendants insist that the indictment sufficiently charges the petitioner with being an accessory before the fact in connection with the offense committed by Ruth Maley, as principal; and that it fully and plainly informs the petitioner of the character and cause of the accusation against him and is in all respects a valid and sufficient indictment for the offense with which it charges the petitioner.

The petitioner insists that, as the statute which creates the offense with which Ruth Maley is charged in the indictment does not create the crime of an accessory or an aider and abettor in connection with the commission of that particular offense, a person who is such accessory or such aider and abettor, in the absence of such statute, does not commit any offense under the law of this State. He also asserts that there is no general statute of this State which makes it a crime for any person to be an accessory or an aider and abettor in the commission of an offense and that for that reason such accessory or such aider and abettor does not commit any offense under the law of this State. Though it is true that Section 22, Article 3, Chapter 61, Code, 1931, does not expressly make it an offense for any person to be an accessory or an aider and abettor in the commission of the particular offense and though it is also true that there is no general statute of this State which makes it an offense for any person to be an aider and abettor in the commission of any specific offense, it does not follow that the failure of the statute creating the specific offense set forth in the indictment to impose criminal responsibility excludes such accessory or aider and abettor from such responsibility or that to act as accessory or aider and abettor does not constitute a criminal offense. Moreover action by the Legislature in providing with respect to certain specific crimes dealt with by statute such as kidnapping, Section 14 d, Article 2, Chapter 61, Code, 1931, as amended, arson, Section 1, Article 3, Chapter 61, Code, 1931, as amended, and policy or numbers, Section 11 a, Article 10, Chapter 61, Code, 1931, as amended, that any person who aids or abets the person who actually commits any of the foregoing crimes shall be guilty of a felony does not indicate or mean that

the failure of any statute to provide for the guilt of an accessory or an aider and abettor excludes such person from criminal responsibility. On the contrary a person is guilty as a principal in the second degree when he aids and abets the actual perpetrator or the principal in the first degree, in the commission by such perpetrator of a common law offense which is also a statutory crime and is also guilty of an offense when he is an accessory before the fact, even though the statute creating the crime does not make aiding and abetting or accessory before the fact in the commission of the statutory crime a separate or substantive offense. If a statute makes an act a crime it includes with the principal felon all persons who are aiders and abettors or who are accessories before or after the fact. *Adkins* v. *Commonwealth,* 175 Va. 590, 9 S. E. 2d 349, 131 A.L.R. 1312. Statutory felonies admit of accessories to the same extent as did felonies at common law and the failure of the statute to mention an accessory does not exempt him from criminal responsibility. 22 C.J.S., Criminal Law, Section 81a.

It is well established, at common law and by numerous decisions of this Court and of the Supreme Court of Appeals of Virginia, that a person who is the absolute perpetrator of a crime is a principal in the first degree and that a person who is present, aiding and abetting the fact to be done, is a principal in the second degree. Book Four, Chapter The Third, page 34, Blackstone's Commentaries on the Laws of England; 22 C. J. S., Criminal Law, Sections 83, 85 and 88 (1); *State* v. *Garcia,* 140 W. Va. 185, 83 S. E. 2d 528; *State* v. *Franklin,* 139 W. Va. 43, 79 S. E. 2d 692; *State* v. *Digman,* 121 W. Va. 499, 5 S. E. 2d 113; *State* v. *Martin,* 112 W. Va. 88, 163 S. E. 764; *State* v. *Wamsley,* 109 W. Va. 570, 156 S. E. 75; *State* v. *Powers,* 91 W. Va. 737, 113 S. E. 912; *State* v. *Bailey,* 63 W. Va. 668, 60 S. E. 785; *State* v. *Cremeans,* 62 W. Va. 134, 57 S. E. 405; *State* v. *Roberts,* 50 W. Va. 422, 40 S. E. 484; *Tasker* v. *Commonwealth,* 202 Va. 1019, 121 S. E. 2d 459; *Snyder* v. *Commonwealth,* 202 Va. 1009, 121 S. E. 2d 452; *Sloan* v. *Commonwealth,* 199 Va. 877, 102 S. E. 2d 278; *Spradlin* v. *Commonwealth,* 195 Va. 523, 79 S. E. 2d 443; *Foster* v. *Commonwealth,* 179 Va. 96, 18 S. E. 2d 314; *Brown* v. *Commonwealth,* 130 Va. 733, 107 S.E. 809, 16 A.L.R. 1039.

In Book Four, Chapter The Third, page 34, Blackstone's Commentaries on the Laws of England, the author says: "I. A man may be *principal* in an offence in two degrees. A principal, in the first degree, is he that is the actor, or absolute perpetrator of the crime; and, in the second degree, he is who is present, aiding, and abetting the fact to be done. Which *presence* need not always be an actual immediate standing by, within sight or hearing of the fact; but there may be also a constructive presence, as when one commits a robbery or murder, and another keeps watch or guard at some convenient distance." And the same author at page 35 states that "II. An *accessory* is he who is not the chief actor in the offence, nor present at it's performance, but in someway concerned therein, either *before* or *after* the fact committed."

In 22 C. J. S., Criminal Law, Sections 83, 85 and 88 (1), are these statements:

Section 83: "The principal in the first degree is he that is the actor or actual and immediate perpetrator of the crime, and this is true of course whether the crime is a felony or a misdemeanor."

Section 85: "A principal in the second degree, or an aider and abettor as he is frequently called, is one who is present actually or constructively, aiding and abetting in the commission of the felony; one who so far participates in the commission of a crime as to be present for the purpose of assisting therein, if necessary; one who gives aid and comfort, or who either commands, advises, instigates, or encourages another to commit a crime; * * * ; a person who, by being present, by words or conduct, assists or incites another to commit the criminal act.

"In order to avoid the technicalities of the law encountered under the ancient authorities which regarded persons aiding and abetting in the commission of a crime as accessaries at the fact, aiders and abettors were early held to be principals in the second degree." See Commonwealth v. Knapp, 9 Pick 496 (Mass.), 20 Am. Dec. 491.

"Aiding and abetting is not an independent crime under 'aider and abettor' statutes, and the acts which constitute the basis of a charge of aiding and abetting must be acts which tend to the commission of some substantive offense. Accordingly, in order that one may be a principal in the second degree or aider and abettor, the general rule is that it is essential that there be a crime committed and a principal in the first degree, and it must be shown that the person for whom accused was acting was connected with the offense. * * *. Where, however, the crime of aiding and abetting is by statute made a substantive offense one may be prosecuted as a principal, although the person or corporation aided and abetted may not have participated in the unlawful act and may not be chargeable with knowledge thereof."

Section 88 (1): "All persons who are actually or constructively present at the time and place of a crime, whether it is a felony or merely a misdemeanor, and who either actually aid, abet, assist, or advise its commission, or are there with that purpose in mind, to the knowledge of the person actually committing the crime, are guilty as principals in the second degree or aiders and abettors or as 'principals' under applicable statute, although they did not themselves accomplish the purpose. Conduct which amounts to aiding and abetting of the crime by accused at the time and place of its commission is, however, essential to guilt as a principal in the second degree or aider and abettor."

In *State* v. *Franklin*, 139 W. Va. 43, 79 S. E. 2d 692, this Court held in point 3 of the syllabus that "A person who is present, aiding and abetting another in the commission of an offense, is a principal in the second degree * * *." In *State* v. *Wamsley*, 109 W. Va. 570, 156 S. E. 75, this Court said in point 1 of the syllabus that two or more persons may be charged in an indictment with the commission of a crime, such as rape, which from its nature could, in fact, have been committed by but one, and that those who are present, aiding and abetting its commission, are principals in the second degree, and indictable and punishable, under our Code and practice, as principals in the first degree. In *State* v. *Bailey*, 63 W. Va. 668, 60 S. E. 785, this Court said in point

8 of the syllabus that "If the actor, the person who performs the manual act incident to the crime, had felonious intent in the performance thereof, or knew the act was criminal, he is a principal in the first degree; and the person at whose instigation he acted is either a co-principal in the first degree or a principal in the second degree, if he was actually or constructively present, but, if not present in either sense, he is an accessory before the fact."

There is a clear distinction between the crime of accessory before the fact and the crime of aiding and abetting. An accessory before the fact must be absent at the time and place of the principal offense. *State* v. *Davis,* 139 W. Va. 645, 81 S. E. 2d 95; *State* v. *Roberts,* 50 W. Va. 422, 40 S. E. 484. An aider or abettor is a person who is present at the time and place of the commission of the principal offense. *State* v. *Davis,* 139 W. Va. 645, 81 S. E. 2d 95; *Foster* v. *Commonwealth,* 179 Va. 96, 18 S. E. 2d 314. An accessory before the fact is a person who being absent at the time and place of the crime, procures, counsels, commands, incites, assists, or abets another person to commit the crime, and absence at the time and place of the crime is an essential element of the status of an accessory before the fact. *State* v. *Loveless,* 140 W. Va. 875, 87 S. E. 2d 273. A conspirator who is absent at the time a felony is committed who takes no part in the actual commission of the offense, is an accessory before the fact and must be indicted and punished as such. *State* v. *Roberts,* 50 W. Va. 422, 40 S. E. 484. In the opinion in that case this Court said "An accessory must be indicted as such whether indicted with the principal felon or separately. In *State* v. *Lilly,* 47 W. Va. 496, (35 S. E. 837), syl. pt. 2, 'Under the laws of this State, to convict a person as an accessory to crime he must be indicted and tried as such.' And in *Hatchett's Case,* 75 Va. 925, it is held, 'An accessory to a felony cannot be prosecuted for a substantive principal offense, but only as accessory to the crime perpetrated by the principal felon.' *Thornton's* Case, 24 Grat. 657, 'An accessory before the fact to a felony cannot be convicted on an indictment against him as principal.' " See also *State* v. *Powers,* 91 W. Va. 737, 113 S. E. 912; *State* v. *Cremeans,* 62 W. Va. 134, 57 S. E. 405.

In *Adkins* v. *Commonwealth,* 175 Va. 590, 9 S. E. 2d 349, 131 A.L.R. 1312, the opinion contains these quotations from Bishop, Statutory Crimes, Second Edition, Sections 135, 139 and cases cited: " 'At common law all persons present giving aid and comfort to another committing an offense, even a felony, are regarded as principals. Therefore, if a statute makes the doing of the thing criminal it includes, with the actual doer, persons who are present lending their counteance and aid. * * * Whatever is newly created by statute draws to itself the same qualities and incidents as if it had existed at the common law. In other words, the statute is to be interpreted after the rules and incidents of the common law * * * When a statute creates a new felony, whether out of what was before innocent, or was a misdemeanor, those who are aiding one who personally commits it are principals.' " See also *State* v. *Derosia,* 94 N. H. 228, 50 A. 2d 231; Bishop, Statutory Crimes, Third Edition, Section 139; 16 C.J., Criminal Law, Section 100; 22 C.J.S., Criminal Law, Section 81.

In several instances in which a common law crime has by statute of this State been made a felony, such as rape, larceny and murder, as to which latter offense an aider and abettor was criminally liable at common law as principal in the second degree, according to Blackstone's Commentaries on the Laws of England, Book Four, Chapter The Fourteenth, page 200, and which statute, making rape, larceny or murder a felony, does not make aiding and abetting in the commission of any of such crimes a separate or substantive offense, this Court has held that a person who aids and abets the principal in the first degree who actually perpetrates the criminal act, is subject to criminal liability as a principal in the second degree. *State* v. *Franklin,* 139 W. Va. 43, 79 S. E. 2d 692; *State* v. *Digman,* 121 W. Va. 499, 5 S. E. 2d 113; *State* v. *Martin,* 112 W. Va. 88, 163 S. E. 764; *State* v. *Wamsley,* 109 W. Va. 570, 156 S. E. 75; *State* v. *Powers,* 91 W. Va. 373, 113 S. E. 912; *State* v. *Prater,* 52 W. Va. 132, 43 S. E. 230.

In *State* v. *Franklin,* 139 W. Va. 43, 79 S. E. 2d 692, in which the defendant was indicted for the crime of rape and

in which his conviction for the offense of attempted rape was reversed and set aside, this Court held in point 3 of the syllabus that "A person who is present, aiding and abetting another in the commission of an offense, is a principal in the second degree within the meaning of Code, 61-11-6, which provides, in part: 'In the case of every felony, every principal in the second degree, and every accessory before the fact, shall be punishable as if he were the principal in the first degree.'" In the opinion with reference to Section 6, Article 11, Chapter 61, this Court said: "Section 6, however, does not deal with crime itself; nor does it provide that one who acts as a principal in the second degree, or an accessory before the fact, in the commission of a crime shall be guilty of a crime: it simply provides that one who acts in the capacity of, and by his actions has acquired the status of, a principal in the second degree or an accessory before the fact in the commission of a felony, shall be punishable as if he did the physical act of committing the felony, that is, he shall be punishable as if he were the principal in the first degree." Although that statute does not expressly provide that one who acts as a principal in the second degree or as an accessory before the fact in the commission of a crime shall be guilty of a crime, this Court in the *Franklin* case recognized the criminal liability at common law of one who aids and abets the acts of the perpetrator of a criminal offense by this language in the opinion: "The case at bar involves a principal who, under the evidence, if he acted at all in a criminal way, aided and abetted the principal perpetrator of the crime. Under the evidence in this case, the jury should have found the defendant guilty of rape as principal in the second degree or not guilty."

In *State* v. *Digman,* 121 W. Va. 499, 5 S. E. 2d 113, in which the defendant, the husband of the woman who was raped by another man, was indicted and convicted as a principal in the second degree for being present and aiding and abetting in the commission of the offense, this Court, upholding the conviction of the husband of the crime of rape, stated in point 3 of the syllabus that "A husband may be guilty as principal in the second degree of raping his

wife under Code, 61-2-15."; and in the opinion used this language: "By an examination of the authorities, we reach the conclusion that our statutory definition of the crime of rape is nothing more than an adoption of the integral parts of the common law definition. For this reason, because at common law a man could be guilty as principal in the second degree of raping his own wife, we are of the opinion that that rule is equally applicable under our statute."

In the North Carolina case of *State* v. *Jones,* 83 N. C. 605, 35 Am. Rep. 586, in which a woman who was present aiding and abetting a male who committed an assault with intent to commit rape of another woman, was convicted as a principal, the opinion contains this language: "At common law, rape was a felony, and the rule was, that all persons who were present aiding, abetting and assisting a man to commit the offense, whether men or women, were principal offenders and might be indicted as such, or if not present in a legal sense, they might be guilty as accessories before or after the fact."

In *State* v. *Wamsley,* 109 W. Va. 570, 156 S. E. 75, in which the conviction of the defendant of the crime of rape was affirmed by this Court, the opinion contains this language: "At common law persons present aiding and abetting, where rape is a felony, are principals equal in guilt with the direct perpetrator. Bish. Crim. Law (9th Ed.) sec. 1135. Mr. Bishop further says in Crim. Proc., sec. 6 (a): 'It is not ill to charge the principal of the second degree with what he cannot do alone, where he can incur the legal guilt by aiding the principal of the first degree; as, that a man and woman, two defendants, ravished another woman. * * *. All persons who were present aiding and abetting the commission of the fact are principals in the second degree at common law and may be charged in the indictment as having done the act. 1 Russel on Crimes, pp. 26-29. The same author says in the 7th English edition, at page 114: 'Where several are present and abet a fact, an indictment may lay it generally as done by all, or specially, as done by one and abetted by the rest. Or if the punishment for principals in the first and second degrees is

the same, all may be indicted as principals in the first degree.' Our statute makes provision for the punishment of the principal of the second degree the same as if he were principal in the first degree. Code, chapter 152, section 6."

In *State* v. *Prater*, 52 W. Va. 132, 43 S. E. 230, in which the defendant was jointly indicted as one of three persons for murder and in which it appeared that the defendant at the time of the killing committed no act of violence and was present only for the purpose of aiding, if need be, the person who actually did the killing, the conviction of the defendant for the lesser offense of voluntary manslaughter was affirmed by this Court. After reciting certain facts shown by the evidence, this Court in the opinion said: "From these facts the jury were warranted in drawing the inference that the accused knew the death of Conley was then and there to be accomplished by his son; that the accused had counseled and directed it, and that he was upon the ground fully prepared and intending to aid in the consummation of it, if necessary. The finding of such facts made the accused a principal in the second degree whether a conspirator or not. 'The distinction between principal and accessory before the fact is this: The principal is the one who actually does the criminal act or participates in the doing of it, whether actually or only constructively present, or who is actually present at the time of the doing of it, aiding and abetting; while the accessory is one who has such connection with the crime, by reason of preparation, procurement, advice, or encouragement, as to be deemed criminally liable therefor, but does not participate in the final commission of the crime and is not present thereat.' McClain Cr. Law, s. 204. The author distinguishes here between principal and accessory without distinguishing between principal of the first degree and principal of the second degree. In the next section this latter distinction is made, and of the principal in the second degree, he says, 'To constitute this form of connection with the offense, the accused must have been present when the offense was committed, although, as will be seen in the next paragraph, this presence may be constructive. Mere presence, however, is not enough without some form of participation. But

those who, being present, aid and abet, or are present for that purpose, although, they actually do no wrongful act whatever, are principals in the second degree." See also *State* v. *Martin,* 112 W. Va. 88, 163 S. E. 764; *State* v. *Powers,* 91 W. Va. 737, 113 S. E. 912.

With respect to accessories before the fact the text in 22 C.J.S., Criminal Law, Section 90, contains these statements:

"An accessary before the fact is one who was not present actually or constructively, at the time when the felony was committed, but who counseled, procured, or commanded another to commit it, or who planned, cooperated, assisted, aided, counseled, or abetted in the preparation of it; and he is equally guilty with the principal. Aiding, abetting, and planning the commission of a felony have been held to constitute the substance of the crime, and there is no particular time to which accessaryship is limited. One may be an accomplice and a co-conspirator with another as an accessary before the fact. An accessary before the fact may be described as a confederate.

"A person may be an accessary before the fact and also a principal in the commission of a crime. One may also be guilty as an accessary before the fact, by aiding in, or procuring or instigating a crime, although he or she is incompetent to commit the crime in person. In order that this may be true, however, there must, of course, be a crime committed and a principal in the first degree.

"There are several elements that must concur in order to justify the conviction of one as an accessary before the fact: (1) That he advised and agreed, or urged the parties or in some way aided them, to commit the offense. (2) That he was not present when the offense was committed. (3) That the principal committed the crime."

In *State* v. *Loveless,* 140 W. Va. 875, 87 S. E. 2d 273, in which the conviction of the defendant as an accessary before the fact to the crime of murder of the first degree as well as the imposition of a sentence of death was reversed by this

Court because of error in admitting certain evidence and the action of the trial court in extensively interrogating certain witnesses, the opinion contains this language:

"It is well to note that an accessory before the fact may be convicted '* * * whether the principal felon be convicted or not, or be amenable to justice or not, * * *'. Code, 61-11-7. Further, '* * * and every accessory before the fact shall be punishable as if he were the principal in the first degree; * * *'. Code, 61-11-6.

"At this point, it is to be noted that the defendant in this case was indicted and tried separately as an accessory before the fact.

"Accessory before the fact, conspirator and accomplice are terms which are somewhat connected, but not exactly the same from a legal standpoint. An accessory has been defined as: 'One, who, being absent at the time a crime is committed, yet assists, procures, counsels, incites, induces, encourages, engages, or commands another to commit it.' Black's Law Dictionary, Fourth Edition, page 29. '* * * An accessory is he who is not the chief actor in the offense, nor present at its performance, but is some way concerned therein, either before or after the fact committed. * * *' *State* v. *Roberts,* 50 W. Va. 422, 40 S. E. 484. Absence at the time and place the offense is committed is the essential element to make one an accessory, the connivance and the result aimed at must occur, and the latter must be the effect of the former to complete the crime. *State* v. *Ellison,* 49 W. Va. 70, 38 S. E. 574.

"* * *

"The offense of accessory is of two grades: accessory before the fact, and accessory after the fact. We are here concerned only with the former. ' " An accessory before the fact is he that, being absent at the time of the actual perpetration of the crime procures, counsels, commands, incites or abets another to commit it." * * * The crime of accessory before the fact is a particular one. The absence of the accessory at the time and place of the principal offense is an essential element. * * *' *State* v. *Roberts, supra.*"

The statute creating the crime of murder, which was a felony at common law, does not impose or create criminal liability upon an accessory before the fact to the crime of murder, but notwithstanding the absence of any such provision in that statute this Court in the *Loveless* case recognized and considered accessory before the fact to the crime of murder of the first degree to be a felony and to be punishable in the same manner as a principal in the first degree.

In *State* v. *Davis,* 139 W. Va. 645, 81 S. E. 2d 95, in which the defendant was indicted, tried and convicted as an accessory before the fact to the statutory crime of abortion, the statute creating that crime did not expressly make accessory to that crime a substantive offense. This Court, however, recognized accessory before the fact to the statutory crime of abortion to be a substantive offense and though the conviction of the defendant was reversed because the evidence was not sufficient to support it, this Court said that it was not error to try the defendant on an indictment which charged him with being an accessory before the fact to the statutory crime of abortion.

In the opinion in *State* v. *Roberts,* 50 W. Va. 422, 40 S. E. 484, in discussing the status of an accessory before the fact, this Court said: "The crime of accessory before the fact is a particular one. The absence of the accessory at the time and place of the principal offense is an essential element of the crime. Sir Mathew Hale defines the accessory before the fact to be, 'One who being absent at the time of the crime committed doth yet procure, counsel, or command another to commit a crime. Wherein absence is necessary to make him an accessory.' "

In 22 C.J.S., Criminal Law, Section 81a, are these statements: "It is now well settled that statutory felonies admit of accessaries to the same extent as did felonies at common law; and the fact that the statute mentions nothing about accessaries is immaterial. A statutory felony, even though the offense at common law was a misdemeanor, will admit of accessaries." See also *State* v. *Derosia,* 94 N. H. 228, 50 A. 2d 231.

In Clark and Marshall, Crimes, Third Edition, 1927, Section 31e, the text is expressed in this language: "Statutes defining and punishing offenses are also to be construed in accordance with the common law principles in relation to principals and accessories."

The text in Bishop, On The Unwritten Law, Chapter XVII, Section 139, contains these statements: "When a statute creates a new felony, whether out of what was before innocent, or was a misdemeanor, those who are present aiding one who personally commits it are principals, as already said; and the absent who counselled it, and those who afterward assist the felon to elude justice, are parties in felonies at the common law."

In *The Queen* v. *Tracy*, 6 Mod. 31, 87 English Reports 795 (Reprint), a criminal prosecution against Tracy, a Justice of the Peace, for falsely arresting a person on a forged warrant and extorting various sums of money, before Holt, Chief Justice, and Powell, Justice, the opinion by the chief justice states that "if a thing be made felony, all accessaries before and after are felons in consequence; * * *."; and in *Dominus Rex* v. *Bear*, 2 Salkeld 417, 91 English Reports 363 (Reprint), in which the defendant was indicted, tried and convicted for the offense of criminal libel, the opinion contains these statements: "If H. contrives any treasonable matter, and another writes down the countrivance, the writer is as guilty as the inventor. Where an Act of Parliament makes *sodomy* felony, and says nothing of the abettors, if B. should stand by and hold the door while A. committed *sodomy*, B. would be as guilty of felony as A. So in 3 Inst. 59, where an Act of Parliament makes any thing felony, though nothing be said of the accessaries in the statute. So in the lowest offences, where there are no accessaries, but all are principals, as if H. should hold A. while B. beats him, he is guilty of the battery."

Although accessory before the fact was a crime at common law accessory before or after the fact is made a substantive offense by Section 7, Article 11, Chapter 61, Code, 1931, which provides that "An accessory, either before or after the fact, may, whether the principal felon be convicted or not,

or be amenable to justice or not, be indicted, convicted, and punished in the county in which he became accessory, or in which the principal felon might be indicted. Any such accessory before the fact may be indicted with such principal or separately." The statute not only makes a person who acts as an accessory before or after the fact guilty of a criminal offense but also fixes the venue for the trial of the offense. In *Moore* v. *Lowe,* 116 W. Va. 165, 180 S. E. 1, in discussing the status of an accessory before the fact, this Court said: "An accessory before the fact is not the principal actor in the crime, nor present at its commission, but is one who, in some manner, procures or instigates its performance. IV Blackstone's Commentaries, p. 35; 1 Wharton's Criminal Law (12th Ed.), Sec. 263; 1 Ruling Case Law, p. 144; *State* v. *Ellison,* 49 W. Va. 70, 38 S. E. 574; *State* v. *Roberts,* 50 W. Va. 422, 40 S. E. 484. One accused as accessory before the fact must be indicted as such and not for the offense committed by the actual perpetrator of the crime —the principal in the first degree. *State* v. *Powers,* 91 W. Va. 737, 747, 113 S. E. 912; *State* v. *Lilly,* 47 W. Va. 496, 35 S. E. 837. But an accessory before the fact, though thus indicted and prosecuted, is punishable in the same manner as a principal in the first degree. Code, 61-11-6."

In the *Moore* case, in discussing the statute, Section 7, Article 11, Chapter 61, Code, 1931, this Court used this language: "The common law requirement that the principal be convicted before the prosecution of the accessory could proceed, has been changed in this state by statute. Code, 61-11-7. An accessory, before or after the fact, may now be prosecuted whether the principal has been brought to justice or not. In this sense, at least, the crime of accessory before the fact becomes in this state a substantive offense. It, of course, remains contingent upon the fact of the commission of the principal offense. * * *."

By Article VIII, Section 21 of the Constitution of this State and Section 1, Article 1, Chapter 2, Code, 1931, the common law is in force in this State so far as it is not repugnant to the principles of the Constitution and except in those respects in which it has been altered by the Legis-

lature; and at common law an aider and abettor or an accessory is subject to criminal responsibility in connection with the commission of a crime by a principal felon.

From the numerous authorities cited and discussed earlier in this opinion relating to the criminal responsibility of an aider and abettor and an accessory, it is clear that by the common law and the law of this State an accessory or an aider and abettor is guilty of a criminal offense if he counsels, procures or commands another person to commit a statutory offense which was also an offense at common law or a statutory offense which was not an offense at common law, or plans, cooperates, assists, aids or abets in the commission of any such offense. It is also clear that by Section 7, Article 11, Chapter 61, Code, 1931, an accessory before or after the fact is subject to criminal responsibility and may be indicted, convicted and punished for a crime in the county in which he becomes accessory or in the county in which the principal felon might be indicted if the accessorial acts occur in that county. *Moore* v. *Lowe,* 116 W. Va. 165, 180 S. E. 1; *State* v. *Overholt,* 111 W. Va. 417, 162 S. E. 317. See also *Weil* v. *Black,* 76 W. Va. 685, 86 S. E. 666; *Watts* v. *The State,* 5 W. Va. 532.

The crime created by Section 22, Article 3, Chapter 61, Code, 1931, and for which the petitioner has been indicted, was created by a statute of Virginia in 1849 and has been in effect in this State for many years. It has been considered by this Court in only one prior decision in 1945, *State* v. *Rouzer,* 127 W. Va. 392, 32 S. E. 2d 865. In that case this Court said that the statute does not relate exclusively to officers, clerks or agents of the State or its subdivisions but that it also applies to officers, clerks or agents of any banking institution or other corporation; and that the offense which it creates may be committed by an agent or clerk who falsifies, mutilates, destroys or conceals a book of accounts or an account kept by any public or private employer. The Court held that the statute applies only to written memorials purporting to show items of business transactions for or against those having contractual or fiduciary relations with each other, and that the mere failure of an officer, clerk or agent of a

board of education to keep an account of receipts and disbursements in a business conducted by him for the board does not constitute an offense under the statute. Though the statute creates the foregoing particular offense a similar offense, that of falsifying a public account by a public official was a punishable offense at common law; and one Charles Bembridge, holding the office and place of accountant, receiver and paymaster general, was convicted of that offense in the case of *The King* v. *Bembridge,* 3 Douglas 327, 99 English Reports 679 (Reprint) decided in November 1783, in which Lord Mansfield and Justices Willes and Buller heard and decided the case and rendered a judgment against the defendant of six months imprisonment and a fine of 2650 pounds.

The statute, Section 22, Article 3, Chapter 61, Code, 1931, which creates the offense for which the petitioner was indicted, limits its scope to officers, clerks and agents of the designated instrumentalities, and the petitioner, not being charged in the indictment as such officer, clerk or agent and not being within the scope or purview of the statute, can not be guilty of its violation as the principal felon and the actual perpetrator of the criminal act. That fact, however, does not relieve the petitioner of criminal responsibility for its violation as an aider and abettor and as such a principal in the second degree, or as an accessory before the fact. Any person who is capable of committing a crime may be guilty as a principal in the second degree and the fact that he is incapable of committing an offense as a principal in the first degree does not preclude him from being a principal in the second degree. 22 C.J.S., Criminal Law, Section 85; *State* v. *Digman,* 121 W. Va. 499, 5 S. E. 2d 113; *Commonwealth* v. *Weldon,* 159 Pa. Super. 447, 48 A. 2d 98. In the *Digman* case a husband who could not have committed the crime of raping his wife was indicted and convicted as a principal in the second degree for aiding and abetting the commission by another man of the crime of raping the wife of the husband who aided and abetted the principal felon in the commission of the offense. In the *Weldon* case the opinion, referring to Clark and Marshall, Law of Crimes, contains this language: "The general rule is thus stated by Clark

and Marshall in Law of Crimes, p. 257, § 191: 'Any person who is capable of committing a crime may be guilty as a principal in the second degree or accessory before or after the fact; and it can make no difference that, by reason of age, sex, condition, or class, he or she is incompetent to commit the crime as principal in the first degree.' " *People* v. *Young,* 132 Cal. App. 770, 23 P. 2d 524; *State* v. *Rowe,* 104 Iowa 323, 73 N. W. 833; *Commonwealth* v. *Mannos,* 311 Mass. 94, 40 N. E. 2d 291; *People* v. *Chapman,* 62 Mich. 280, 28 N. W. 896, 4 Am. St. Rep. 857; *State* v. *Jones,* 83 N. C. 605, 35 Am. Rep. 586; *State* v. *Fraser,* 105 Ore. 589, 209 P. 467; *State* v. *Case,* 61 Ore. 265, 122 P. 304; *State* v. *Sprague,* 4 R. I. 257; *Campbell* v. *State,* 63 Tex. Cr. Rep. 595, 141 S. W. 232, Ann. Cas. 1913D 858; *Quillin* v. *State,* 79 Tex. Cr. Rep. 497, 187 S. W. 199, 5 A.L.R. 773; *Adkins* v. *Commonwealth,* 175 Va. 590, 9 S. E. 2d 349, 131 A.L.R. 1312; *Law* v. *Commonwealth,* 75 Va. 885, 40 Am. Rep. 750. Neither is the petitioner exempt from liability as an accessory before the fact because he is incompetent to commit the crime as principal in the first degree. As already pointed out, a person may be guilty as an accessory before the fact, by aiding in, or procuring or instigating a crime although he or she is incompetent to commit the crime in person. 22 C.J.S., Criminal Law, Section 90; *People* v. *Wallin,* 32 Cal. 2d 803, 197 P. 2d 734; *State* v. *Burns,* 82 Conn. 213, 72 A. 1083, 16 Ann. Case. 465; *Bishop* v. *State,* 118 Ga. 799, 45 S. E. 614; *State* v. *Elliott,* 61 Kan. 518, 59 P. 1047; *State* v. *Nahoum,* 172 La. 83, 133 So. 370; *People* v. *McKane,* 143 N. Y. 455, 38 N. E. 950. In *State* v. *Nahoum,* 172 La. 83, 133 So. 370, the court held that one who could not embezzle corporate funds because not an officer or employee of the corporation may be charged as an accessory before the fact to the crime of embezzlement. In the opinion in that case the court, citing 1 Ruling Case Law, Section 7, said: "There are many offenses which can only be committed by particular classes of the community: Bigamy by married persons; rape, seduction, and bastardy by males; larceny after trust by bailees; embezzlement by officers. But because one cannot be a principal it by no means follows that he cannot be punished as an aider and abettor." See also *Bishop* v. *State,* 118 Ga. 799, 45 S. E. 614.

The indictment in this case, which is challenged by the petitioner, sufficiently charges the petitioner with the offense of accessory before the fact to the commission of the principal offense. The language of the indictment indicates clearly that the petitioner and his associates performed the accessorial acts before the commission of the felony by the principal in the first degree and were not present when the offense was committed by such principal. As previously stated, an accessory before the fact is one who was not present at the time of the commission of the felony but who counseled, procured, or commanded another to commit it or who planned, co-operated, assisted, aided, or abetted in the perpetration of the offense. The language of the indictment which charges that the petitioner and his named associates "did feloniously counsel with, aid and abet the said RUTH MALEY to do and commit the said felony", sufficiently describes and charges the petitioner as an accessory before the fact.

The indictment does not fail to inform the petitioner fully of the charge against him. On the contrary it fully satisfies the requirement of Article III, Section 14 of the Constitution of this State that in all trials the accused shall be fully and plainly informed of the character and cause of the accusation. An indictment which charges a principal in the first degree with the commission of the crime created by Section 22, Article 3, Chapter 61, Code, 1931, and which also charges that certain other persons before the commission of the principal offense did feloniously counsel with, aid and abet the principal in the first degree to do and commit the principal offense satisfies the constitutional requirement that in all trials the accused shall be fully and plainly informed of the character and cause of the accusation and is a good and sufficient indictment of the persons charged with being accessories before the fact to the crime created by the statute.

For the reasons stated and under the authorities cited and discussed in this opinion, the writ of prohibition prayed for by the petitioner is denied.

*Writ denied.*