EDWARD ENGSTER, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law:** EVIDENCE. On the trial of one E. for receiving stolen goods, the statute making the receiving of such goods of the value of $35.00 and upwards a felony, *held* that it devolved on the state to prove by competent testimony that the value of such goods was at least $35.00.

2. ——: ——: **Competency of witnesses.** A witness before he is competent to testify as to the value of property must show by his testimony that he has knowledge of the value of such property.

ERROR to the district court for Franklin county. Tried below before GASLIN, J.

*James Laird* and *Benjamin F. Smith,* for plaintiff in error, cited 1st Wharton's Evidence, sec. 447.    2 Id., sec. 1290.

*C. J. Dilworth, Attorney General,* for the State.

MAXWELL, CH. J.

The plaintiff was convicted at the June term of the district court of Franklin county for receiving stolen goods of the value of $35.00, and was sentenced to imprisonment in the penitentiary for three years.    He now prosecutes a writ of error to this court.

The verdict of the jury is as follows:

"THE STATE OF NEBRASKA ⎫
        vs.                        ⎬
    EDWARD ENGSTER.        ⎭

"We, the jury in this cause, being duly empaneled and sworn, do find and say that we find the defendant Edward Engster guilty as charged, and the value of the property stolen and received is $35.00 thirty-five dollars, and we, the jury, do recommend your honor to be as lenient as the law will allow.

"WM. WESTON, FOREMAN."

It appears from the testimony that in March, 1879, there was stolen from the residence of one Ulrich Signor, in Franklin county, certain clothing valued by himself at a very large sum.    In June following one John Grany was indicted for the larceny, and the plaintiff for receiving the goods, knowing them to have been stolen.    A nolle was entered as to the indictment against Grany, and he was the principal witness to secure the conviction of the plaintiff.    It appears from Grany's testimony that he was boarding with the plaintiff and that he and another stole the goods in question and secreted them for a week or ten days at

various places on the premises of the plaintiff; that in consequence of rain he removed them to the plaintiff's cellar in his absence. Up to this point all the testimony concurs in showing that the plaintiff had no knowledge whatever that the goods were on his premises.

Upon his return home Engster was informed by Grany that clothing was in the cellar, but there is a conflict of testimony as to whether or not he knew it was stolen. There is no doubt, however, that he had reason to suspect that it was stolen, and he should have informed the authorities at once of the facts. Upon the sufficiency of evidence upon this point we express no opinion, as there must be a new trial by reason of a failure of proof upon another point.

Section 116 of the criminal code under which the plaintiff was indicted is as follows: "If any person shall receive or buy any goods or chattels of the value of thirty-five dollars or upwards that shall be stolen or taken by robbers, with intent to defraud the owner, or shall harbor or conceal any robber or thief guilty of felony, knowing him or her to be such, every person so offending shall be imprisoned in the penitentiary not more than seven years nor less than one year."

Mr. Signor, the prosecuting witness, called on behalf of the state to prove the value of the clothing, testified on cross-examination as follows:

Q. Are you a judge of clothing?

A. Yes, sir; of mine.

Q. Are you a judge of the price of clothing?

A. I guess I am.

This witness in his testimony nowhere states facts showing a knowledge of the value of clothing; yet he was permitted to testify as to the value of the clothing which was stolen.

C. A. Pierce, deputy sheriff, called on behalf of the

state, testified as follows: "I have worked in a general merchandise store; I think I am acquainted with the value of clothing." He was then permitted to testify as to the value, although it nowhere appears that he had purchased or sold clothing, or knew anything of its value, and fixed the same at the sum of $57.00.

On the part of the defense Wm. Stadelman was called, who testified that he was a merchant at Bloomington, and had been engaged in the business of selling ready-made clothing for twenty-five years, and then specifying the value of each article in detail the aggregate of which was $22.95. In this he was corroborated by Mr. Bodien, a merchant engaged in the clothing business at Bloomington.

A party who is permitted to testify as to the value of property must show by his testimony that he possesses knowledge as to such value, otherwise his testimony is mere conjecture and is wholly unreliable. In an indictment where the value of the property must be or exceed $35.00 to constitute a felony, such value must be proved like any other fact upon which a conviction depends beyond a reasonable doubt. This is a material fact, without proof of which the prosecution must fail. The receiver of stolen goods at common law, knowing them to have been stolen, was indictable for misprision. But by statute, 3 and 4 W. and M. Ch. 9, the receiver was made an accessory after the fact. The statute, 5 Anne, Ch. 31, Sec. 5, confirmed that of William and Mary, and Sec. 6, as also 1 Anne, 2, Ch. 9, provided that when the thief could not be taken the receiver might be prosecuted separately for the misdemeanor. Under our statute the receiver may be proceeded against for felony as a substantive offense, whether the principal offender is punished or not. We express no opinion upon the propriety of discharging Grany, who seems to glory in his theft,

and whose guilt is beyond question, and the prosecution of the plaintiff upon what, so far as the record discloses, is very unsatisfactory evidence. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

LAKE, J., dissenting.

Finding myself unable to unite with my brethren in the reversal of this judgment, and differing so widely from them, I feel constrained to depart from my usual course in such cases, and to state the grounds of my dissent, which briefly are the following:

The reversal, as we see, is placed solely on the ground of the insufficiency of the evidence as to the value of the property in question, that from it the jury were not warranted in affixing to it the value of $35.00, which they did.

As to the sufficiency of evidence, Mr. Greenleaf, in his work on the subject, vo:. 1, sec. 2, says: "By *satisfactory* evidence, which is sometimes called *sufficient* evidence, is intended that amount of proof which ordinarily satisfies an unprejudiced mind beyond a reasonable doubt. The circumstances which will amount to this degree of proof can never be previously defined; the only legal test of which they are susceptible is their sufficiency to satisfy the mind and conscience of a common man; and so to convince him that he would venture to act upon that conviction in matters of the highest concern and importance to his own interest. Questions respecting the competency and admissibility of evidence are entirely distinct from those which respect its sufficiency or effect, the former being exclusively within the province of the court, *the latter belonging exclusively to the jury.*" With this rule in

view as the one by which this, as well as the trial court, ought to be governed in reviewing the finding of the jury. Let us look to the testimony upon the question of value.

Ulrich Signor, the owner of the stolen articles, which were his own clothing, was called as a witness for the prosecution, and without objection on his direct examination, testified as follows on the point we are now considering. I quote from the record:

Q. Look at that pair of pants and see if you recognize them?

A. Yes, sir; there is a whole suit like those.

Q. What is it worth?

A. $45.00 for the whole suit.

Q. Well, what are the pants worth?

A. $11.00.

Q. Recognize that coat?

A. Yes, sir; that is my coat.

Q. What is the coat worth?

A. $25.00.

Q. Is it a ready-made coat?

A. It was made in New York by a tailor.

Q. Is that your vest?

A. Yes, sir.

Q. What is the value of the vest?

A. About $8.00. The whole suit I paid $45.00 for.

Q. Here is another vest; do you recognize that?

A. Yes, sir.

Q. What is it worth?

A. $5.00.

Q. Do you recognize that coat? (Handing witness another.)

A. Yes, sir.

Q. Whose is it?

A. Mine; it was taken from me.

Q. What is the value of it?

A.   $2.00.

Q.   Do you recognize that coat? (Handing witness another.)

A.   Yes, sir; that was mine, and it was taken from me.

Q.   What is the value of that?

A.   $2.00.

Q.   Do you recognize these drawers?

A.   Yes, sir, by that spot on them.

Q.   What are they worth?

A.   $1.00.

Q.   Do you recognize these knit drawers? (Handing witness another pair.)

A.   Mine.

Q.   What are they worth?

A.   $1.00.

Q.   Do you recognize that white vest?

A.   Yes, sir; that is mine.

Q.   What is the value of it?

A.   $2.00.

Q.   Do you recognize that undershirt?

A.   Yes, sir; it is mine.

Q.   What is the value of it?

A.   $2.00.

Q.   Do you recognize that shirt?

A.   Yes, sir; that is mine and was taken with the rest.

Q.   What is the value of it?

A.   $1.50.

Q.   Do you recognize that undershirt? (Handing another.)

A.   Yes, sir; that is mine.

Q.   What is it worth?

A.   $1.00.

Q.   Do you recognize that sack?

A.   Yes, sir; it is one of the bags I lost.

37

Q.  What is it worth?

A.  25 cents.

Q.  What is that worth? (Showing witness a razor.)

A.  About $2.00.

By this testimony it will be seen that the value put upon the property is nearly twice that which the jury actually returned. But this is not all. A witness named Pierce was called on behalf of the state, who swore that he had been employed in the capacity of clerk in a general merchandise store, and knew the value of clothing. His competency to estimate the value was also unquestioned, and, omitting the razor and some other of the smaller articles, his valuation in the aggregate was considerably over fifty dollars. This evidence seems to be entirely disregarded by the majority of the court in their opinion, although no objection was made to its admission at the trial, or afterwards in the motion for a new trial. Disregarding it entirely, they seem to put implicit confidence in the two witnesses called in defense, who, without the least reason as I think, and as the jury, who had the articles in question before them for inspection, probably thought, placed the value at less than $35.00.

Such being the testimony, I am of the opinion that the granting of a new trial, on the ground selected by my brethren, is a clear usurpation of the province of the jury and, as I believe, unsupported by any decision that can be found in the books.

For these reasons I am of the opinion that the conviction was right, and a new trial should be denied.