MISSOURI PACIFIC RAILWAY COMPANY, PLAINTIFF IN ERROR, v. BENJAMIN F. COON, DEFENDANT IN ERROR.

Witness: OPINION. Without a showing, there is no presumption that a witness is competent to give a reliable estimate of the market value of land; and where one's competency is challenged, before he should be permitted to express an opinion it should be made to appear that he has in some way become qualified to do so.

ERROR to the district court for Richardson county. Tried below before DAVIDSON, J.

*John L. Webster*, for plaintiff in error.

*J. H. Broady*, for defendant in error.

LAKE, CH. J.

Most of the questions in this case were decided and sufficiently commented on in that of this plaintiff against Hays, *ante* p. 223, and it is unnecessary to go over the same ground again in the consideration of this one. The questions thus disposed of relate particularly to the cuts and fills in the grade of the road, etc., as elements of damage, and to the time as of which the assessment of damages must be made, in respect to which the rulings in the two

cases were alike, and as we hold erroneous. But there is one additional question here which requires more particular notice.

It appears that the defendant was examined as a witness on his own behalf. Without showing himself at all qualified to give an opinion on the subject, he was permitted against objection for that reason to testify as to the market value of the land in question, and this, too, without reference to any definite time. The examination in this particular was as follows:

Q. I will ask you the fair market value of your farm at that time?

The question was objected to for the reasons, *first,* that the witness had "not shown himself competent to testify on that subject," *second,* that it did not "fix the proper date at which the value of the land should be estimated." The objection was overruled, and the witness answered, "I considered it worth twenty-five dollars an acre at that time." What particular time was meant by the words "at that time" in this question and answer it is impossible from the record to tell. There were also a like question, objection, ruling and answer, respecting the strip of land taken for the roadway. As several witnesses, whose competency to give opinions was unquestioned, fixed the value at considerably less than this amount, the testimony may properly be said to have been material, and if improperly admitted, to have prejudiced the plaintiff.

Without any showing whatever, there is certainly no presumption that a witness is competent to give a reliable estimate of the market value of land; and where one's competency is challenged, before he should be permitted to express an opinion, it should be made to appear that he has in some way become qualified to do so. Pierce on Railroads, 266, *et seq.* *R. V. R. R. Co. v. Arnold,* 13 Neb., 485. This testimony was erroneously admitted.

In this case, as in that of Hays above referred to, the

plat of the farm showing the location of the road over it is omitted from the record. This plat was frequently referred to by the witnesses in giving their testimony, and is absolutely necessary to a correct estimate of considerable of it. Because of the want of it we will not consider the question as to the sufficiency of the evidence to sustain the verdict.

REVERSED AND REMANDED.

THE other judges concur.