JAMES EDMONDS v. STATE OF NEBRASKA.

FILED NOVEMBER 9, 1894.   No. 6808.

Larceny: PROOF OF VALUE OF PROPERTY: WITNESSES. In a prosecution for larceny, proof of the value of the property stolen must be made by at least one witness affirmatively shown to possess knowledge of the value concerning which he is called upon to give evidence. Following *Brooks v. State*, 28 Neb., 389.

ERROR to the district court for Otoe county. Tried below before CHAPMAN, J.

*John A. Rooney*, for plaintiff in error:

In a prosecution for larceny, witnesses called to testify to·

the value of the property stolen must show that they possess knowledge of its value. (*Brooks v. State*, 28 Neb., 389; *Engster v. State*, 11 Neb., 539; Abbott, Trial Evidence, p. 307; Wharton, Criminal Evidence [8th ed.], sec. 416; 1 Wharton, Evidence, sec. 446; 2 Wharton, Evidence, sec. 1490; *State v. Doepke*, 68 Mo., 208; *Missouri P. R. Co. v. Coon*, 15 Neb., 232.)

*George H. Hastings, Attorney General*, for the state:

Any evidence from which the jury may infer the value of the property alleged to be stolen is proper and competent, such as a description or inspection of the goods stolen. (*State v. Fenn*, 41 Conn., 590; *State v. Gerrish*, 78 Me., 20; *Commonwealth v. Lawless*, 103 Mass., 425; *Commonwealth v. Riggs*, 14 Gray [Mass.], 376; *Saddler v. State*, 20 Tex. App., 195; *Martinez v. State*, 16 Tex. App., 122; *Houston v. State*, 13 Ark., 66; *Wolverton v. Commonwealth*, 75 Va., 909.)

RYAN, C.

Plaintiff in error was convicted of larceny in the district court of Otoe county; his sentence was imprisonment in the penitentiary for the period of one year. There is but one question to which it is necessary that attention be given, and that pertains to the proof made of the value of the bicycle charged to have been stolen; that is, as to whether it was at least equal to $35. On this point there was no evidence except that of Roy Robinson, the owner of the aforesaid bicycle, who, over proper objections, testified as follows:

Q. What was the value of the wheel?

A. I know what its value was when I bought it.

Q. How long have you owned the bicycle?

A. Two months.

Q. What was its value when you bought it?

A. It was worth when it was new $150.    *    *    *

Q. Do you know what the value of the wheel was when it was taken?

A. No, sir; I do not. * * *

Q. Is the bicycle in the same condition now as it was at the time it was stolen?

A. Yes, sir, with the exception of a brake that was on it then.

Q. A brake to stop the wheel?

A. Yes, sir. * * *

Q. I will ask you whether or not you have purchased bicycles before this last one which you purchased?

A. I have had two wheels.

Q. I will ask you to state what was the fair market value of the bicycle which was stolen by Edmonds at the time it was stolen?

A. I do not know any price.

Q. Have you an opinion what its fair market value was at the time it was stolen?

A. I do not know any price.

Q. Have you an opinion what its fair market value was at the time it was stolen?

A. I do not know whether it was worth five dollars or a hundred dollars.

Q. It was worth fifty dollars any way?

A. Yes, sir.

The above evidence was given partly when the witness was originally called and partly when he was recalled. On the latter occasion occurred the examination which began with the question as to whether or not the witness had purchased bicycles before the last one. In the interim between these examinations the bicycle itself was offered in evidence,—for what purpose is not disclosed by the record. We cannot assume that this offer was for the purpose of proving its value, for it was no more competent evidence of that fact than that in its make-up it corresponded to the proofs as to the description of the bicycle seen in

the possession of the accused.   Under the statute it was essential that proof should be made that the value of the stolen article equaled or exceeded $35 in value to constitute grand larceny.   In *Missouri P. R. Co. v. Coon*, 15 Neb., 232, it was held by this court that " Without a showing there is no presumption that a witness is competent to give a reliable estimate of the market value of land ; and where one's competency is challenged, before he should be permitted to express an opinion it should be made to appear that he has in some way become qualified to do so." To the same effect was *Engster v. State*, 11 Neb., 539, and *Brooks v. State*, 28 Neb., 389.   Tested by the rule above recognized, especially as applied in the case last cited, the testimony of Robinson as to the value of his bicycle was incompetent.   The judgment of the district court is

REVERSED.