JOHN ROONEY v. STATE OF NEBRASKA.

FILED MAY 18, 1897.   No. 9144.

1. Larceny: EVIDENCE.   To sustain a conviction of larceny there must
be proof of the value of the property by competent evidence.

2. ———: ———.   Evidence herein *held* insufficient to support the ver-
dict.

ERROR to the district court for Douglas county.   Tried
below before BAKER, J.   *Reversed.*

*J. W. Eighmy*, for plaintiff in error.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General,* for the state.

HARRISON, J.

The plaintiff in error was tried in the district court of Douglas county on the charge of grand larceny, was convicted and sentenced to a term of imprisonment in the penitentiary, and error proceedings in his behalf have been prosecuted to this court.

The only assignment of error which we deem necessary to examine and determine is that the evidence is insufficient to sustain the verdict. This complaint is based on the proposition that there was no competent evidence to support the finding of the jury of the value of the property, the following named articles: One silver watch, one lady's neck chain, one pair of opera glasses, one pearl ring, and one shirt stud, with the stealing of which the plaintiff in error was charged. The evidence on this subject was as follows:

Mrs. Downey was interrogated and answered:

Q. Do you know the reasonable value of this chain, Exhibit 1?

A. Thirty-six dollars is the value of it.

Q. Do you know the value of this ring, Exhibit 2?

A. That is $20.

Q. Do you know the value of the opera glasses, Exhibit 3?

A. Five dollars.

Q. Do you know the value of the watch?

A. Eight dollars.

Q. Do you know the value of the shirt stud?

A. Three dollars.

Her evidence in cross-examination on this branch of the case was:

Q. How long have you owned this ring, Exhibit 2?

A. Well, about twenty years. It is one that I never wear because I am afraid of losing the stones, and I have never had it out of the box only on special occasions.

Q. What means have you of knowing the valuation of it?

A. Because that is what it cost.

Q. You mean twenty years ago that cost how much?

A. Twenty-five dollars was paid for it.

Q. You do not know what it is worth now?

A. Well, I have not asked any jeweler, of course not.

Q. Then you cannot say what it is worth to-day.

A. I think it is worth that. Pearls are just about the same value.

Q. Do you know what it is all worth to-day in the market to be sold?

A. No, sir; I do not.

Q. How long have you owned this chain?

A. About ten years.

Q. Did you purchase it ten years ago?

A. Yes, sir.

Q. What did you pay for it then?

A. Thirty-six dollars. It is like the ring, we have not worn it much.

Q. What means have you of knowing its actual value?

A. I was offered the same price for it.

Q. What do you know——

A. I do not know. I have not had occasion to take it to anybody to sell it to know.

Q. And the opera glasses, how long have you owned these?

A. About two years.

Q. Do you know the price of opera glasses in Omaha?

A. No, sir; I have not been inquiring the prices of them.

Q. Then you do not really know the value of this property, what it would be worth to sell to-day in the market?

A. No, sir; I have had no occasion to inquire.

Mr. C. S. Raymond, who was called as a witness for

the defense, stated that he was a jeweler, had been in the business twenty-five years, and further as follows:

Q. You are acquainted with such articles, gold chains, as that, of the value of them?

A. I do not know.

Q. Please examine Exhibit No. 1. What is the fair value of that?

A. I could not tell.

Q. To the best of your judgment?

A. I could not tell; I do not know.

Q. Well, you are a jeweler; you must have some knowledge.

Objected to as cross-examination.

Q. Examine that ring, Mr. Raymond. What do you think the fair value of that ring is; do you know what the value of that is?

A. No, I could not tell you. You ought to send down and get a pawn-broker, or a second-hand man; they deal in those things and I do not. All that would be worth to me would be old gold.

Q. That is what I am trying to prove.

The court: If he does not know the fair market value he does not know——

Mr. Eighmy: Q. Are you acquainted with the value of opera glasses?

A. If you had a new pair, just imported, I could tell you exactly.

Q. Examine these and state, if you can, what you think is a fair market value on them.

A. They are a class of glass. I do not know anything about them at all.

Mr. A. Mandelberg, a witness on the part of plaintiff in error, testified that he was a jeweler and engaged in the jewelry business, and further as follows:

Q. Are you acquainted with the value of property of this character and description?

A. Well, we are acquainted with the value of such goods as these, but we are unable to tell unless we test

them and weigh them. At a glance, looking at anything like that, we are unable to tell.

Q. Can you give anything like what would be a fair value of that from your examination of it now?

Objected to, as incompetent. Objection sustained.

Q. Examine this ring.

A. That is a solid gold ring set with pearls.

Q. Are you acquainted with the value of such rings?

A. Such goods as these, I am candid to tell you, it is only worth what it is worth in old gold to us.

Mr. Winter: Q. To anybody?

A. To any jeweler to melt up in old gold.

Counsel for the state moves to strike the answer out, as not responsive. Motion sustained.

The Court: Q. What is the market value of that as it is? That is the question.

Mr. Eighmy: Q. Do you think it has any market value?

A. Oh, yes, it has.

Objected to.

Q. What would be the fair market value of that ring?

A. A ring like that would be worth about $15.

Q. What would be the fair market value of the chain?

A. The chain is only by guess work. It could be used for old gold, nothing else. Probably to the owner it would be more valuable. According to what it weighs is what it would bring. That is about all, and that I could not tell.

Counsel for the state moves to strike out the answer, as not responsive. Motion sustained.

Q. Are you acquainted with the value of opera glasses?

A. Yes, sir.

Q. Look at those and see what you think. See if you can say what would be the fair value of those.

A. That is something I do not handle anything like. It is a cheap pair of glasses. I could not tell you the value of these.

Counsel for the state moves to strike the answer out, as not responsive. Motion sustained.

In the case of *Edmonds v. State*, 42 Neb., 684, wherein the plaintiff in error had been prosecuted and convicted of the crime of grand larceny, the question for adjudication was in regard to the proof of the value of the property alleged to have been stolen, and the testimony on the subject as quoted in the opinion shows that it was very similar to the testimony in the case at bar. It was held: "In a prosecution for larceny, proof of the value of the property stolen must be made by at least one witness affirmatively shown to possess knowledge of the value concerning which he is called upon to give evidence." See, also, *Engster v. State*, 11 Neb., 539, wherein it was observed: "A party who is permitted to testify as to the value of property must show by his testimony that he possesses knowledge as to such value, otherwise his testimony is mere conjecture and is wholly unreliable. In an indictment where the value of the property must be or exceed $35 to constitute a felony, such value must be proved, like any other fact upon which a conviction depends, beyond a reasonable doubt. This is a material fact, without proof of which the prosecution must fail." Viewed in the light of these rules, it is apparent that there was no competent evidence before the jury to sustain a finding of the value of the property such as it made, viz., $66, or in the sum of $35 or more; hence the verdict was in this particular or element not supported by the evidence. The judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.