[No. 19910.  *En Banc.*  January 17, 1927.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS S. SMITH, *Defendant,* PAUL S. NORTON, *Appellant.*[1]

[1] ARSON (7-1)—EVIDENCE—PRESUMPTIONS. In a prosecution for arson, it is error to refuse to instruct that, when a building is burned, the presumption is that the fire was caused by accident, where its origin is disputed.

[2] ARSON (9)—EVIDENCE—SUFFICIENCY. Insufficiency of the evidence to warrant a conviction for arson cannot be predicated upon inferences deducible from facts favorable to accused where there was circumstantial evidence warranting the verdict (PARKER, J., dissenting).

Appeal from a judgment of the superior court for King county, Hall, J., entered November 17, 1925, upon a trial and conviction of arson. Reversed.

*Morris & Dubuar,* for appellant.

*Ewing D. Colvin* and *Ralph Hammer,* for respondent.

*Loren Grinstead, Grinstead, Laube & Laughlin* and *Frank R. Jeffrey, amici curiae.*

ASKREN, J.—The defendant Norton and one Thomas S. Smith were jointly charged with the crime of arson, and upon trial were convicted. Norton has appealed and raised numerous assignments of error.

[1] It is first urged that error was committed by the trial court in refusing to give an instruction to the effect that, when a building is burned, the presumption is that the fire was caused by accident or natural causes rather than by the deliberate act of the accused.

In *State v. Pienick,* 46 Wash. 522, 90 Pac. 645, we stated the rule to be that, "where a building is burned,

[1]Reported in 252 Pac. 530.

the presumption is that the fire was caused by accident or natural causes rather than by the deliberate act of the accused.'' We there held that the evidence was insufficient to warrant a conviction. The requested instruction properly stated the law.

The theory upon which the refusal to give this instruction is sought to be upheld by counsel for the state is that, since the state offered evidence indicating the fire was of incendiary origin, the presumption falls of its own weight. But we think this argument is unsound. There is always a presumption that a fire is of accidental origin, where the origin is a contested issue. In the instant case, the question of whether the fire was so set was a very serious one. There were facts relied upon by the state that it believed showed that the fire was incendiary. On the other hand, the appellant insisted just as strongly that the evidence did not establish that fact. The evidence showed two previous fires in the same building, neither of which, apparently, were incendiary. The issues were thus presented to the jury on this point. Was not the appellant entitled to the presumption that the fire was of accidental origin in a case where its origin was actually disputed?

To hold otherwise is to say that the presumption can never be available to a defendant in any case where the state seeks to show what caused the fire. Manifestly, this robs the defendant of a very vital protection in a case of this character.

The state seems to argue that this presumption is proper for the court to indulge in when it determines whether there is sufficient evidence to sustain the verdict. If this be so, then we know of no reason why the jury should not be so instructed, when they are to determine whether the evidence is sufficient to establish the origin of the fire.

In *State v. Randall*, 3 Ga. App. 653, 60 S. E. 328, the court of appeals of Georgia held, by analogy, the same result we have reached here. It held that, in the absence of a written request, the failure to so charge would not be held reversible error. Later, in *Sutton v. State*, 17 Ga. App. 713, 88 S. E. 122, 587, this holding was reaffirmed in a case where the defendant had failed to request the instruction.

Here the instruction was timely requested, and the failure to give it constitutes reversible error.

[2] It is next claimed that the evidence was insufficient to justify the verdict. This is based largely upon the belief that the inferences deducible from many facts established by the evidence are favorable, rather than unfavorable, to the appellant. The case was one based on circumstantial evidence. We are not disposed here to set out the great mass of facts relied upon by the state to prove the appellant's guilt. We have examined them with great care, and are satisfied that the case made by the evidence was sufficient to take the case to the jury, and that their verdict thereon can not be set aside by us because of its insufficiency. We might not, as trial judges, have reached the same result as the jury, but we cannot invade their province.

Many other assignments of error are noted, but most of them will not arise on a retrial, and we think require no discussion here.

The cause is reversed, with instructions to grant a new trial.

MACKINTOSH, C. J., FULLERTON, TOLMAN, BRIDGES, MITCHELL, and MAIN, JJ., concur.

PARKER, J. (concurring)—I concur in the views of my brethren that the errors noticed in the foregoing opinion are such as to at least entitle appellant Norton to a new trial, but my examination of the evidence in

this case convinces me that it does not support the verdict and judgment rendered against him, and that the trial court should have so decided as a matter of law and rendered a final judgment dismissing the case.