# CHARLESTON.

STATE *v.* THOMAS BOSWELL

(No. 6390)

Submitted April 9, 1929.    Decided April 16, 1929.

*Posten, Glasscock & Posten,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

The defendant, Boswell, was found guilty of stealing a cow of the value of $100.00, and sentenced to two years in the penitentiary.

The evidence shows that Boswell was with two men, named Brown and Griffith, on a night in February, 1928, when a cow was stolen from P. E. Yeager; that he was with them when they stopped with the cow at the house of Boyd Worthington and tried to persuade him to let them butcher her in his stable; that upon his refusal, Boswell accompanied them to Griffith's own kitchen where they killed and butchered the hapless bovine; but that he was not with them when they sold the meat and did not share in their ill-gotten gains.

Worthington states that "of course Boswell did not have very much to say" during the conference at his house, the

other two doing most of the talking. Mrs. Worthington, who everheard the conversation with her husband, did not hear Boswell say anything. Griffith testifies that Boswell participated in the stealing, killing and butchering, but not in the selling. Brown did not testify.

Boswell protests that while he remembers being with the two on the day of the larceny, he did not know their business; that he had been drinking and if he was with them at Worthington's that night he was "out of his head" and knew nothing of it; and that he did not help steal, kill or butcher the cow.

The defendant contends that the evidence does not show beyond a reasonable doubt that he participated in the theft. This contention is not well taken, however, as the testimony of Griffith alone, is sufficient to sustain the verdict on that point.

The further contention is made that the value of the cow was not proven. The only evidence on this subject is that of the owner, who, when asked as to her value, replied: "I didn't put no price on her, but a man last fall offered me a hundred dollars for her and I refused it." In order to sustain the charge herein, the evidence must show beyond a reasonable doubt that the cow was of the value of $20.00 or more *at the date* she was stolen. *State* v. *Francis,* 87 Miss. 493; *State* v. *Wood,* 46 Iowa 116. Her market value then is the true criterion. Wharton's Crim. Ev. (10th Ed.) sec. 258; Underhill's Crim. Ev. (3rd Ed.) sec. 467; Wigmore on Ev. (2nd Ed.) sec. 717; 17 R. C. L., sec. 71, p. 66. "Evidence of value based on any other standard is inadmissible." 36 C. J., pp. 883-4, sec. 449. It is common knowledge that the value of live stock may rapidly decline in a few months. Testimony of a *bona fide* offer to purchase the cow made several months before the theft by one affirmatively shown to possess a fair knowledge of the market value of cows would be admissible as evidence on the question of market value at the time of the larceny, if the condition of the cow was shown to have been as good then as at the time of the offer. Jones Com. on Ev. (2nd Ed.) sec. 705; *Edmonds* v. *State,* 42 Neb. 684. Without such supporting testimony the prior offer

216

herein is not sufficient to sustain the burden cast on the State.

The court rejected offers of evidence by defendant tending to show that the witness Griffith had stated prior to the trial that Boswell had nothing to do with stealing the cow, and that Griffith had been promised immunity in another criminal charge for testifying against Boswell in this case. The rejection of these offers was error, as it is permissible to impeach and discredit a witness by such evidence as the defendant offered. *Morgan* v. *Ins. Co.*, 6 W. Va. 496; *Jaggie* v. *Colliery Co.*, 75 W. Va. 370; *Moats* v. *Rymer*, 18 W. Va. 642, 646; 40 Cyc., pp. 2671, 2687; 28 R. C. L., pp. 615, 663.

The attention of the trial court was not specifically directed to the rejection of the evidence as to the immunity promised Griffith, either upon the motion to set aside the verdict, or by a special bill of exceptions. Ordinarily we would not review this error. But as the case must be reversed for other reasons, we have adverted to this error in order to prevent its repetition if the case is tried again. Upon a retrial a close observance by defendant of the procedure outlined in *Morgan* v. *Ins. Co.*, *supra*, as to the impeachment of a witness, would obviate objections by the State.

The judgment of the lower court is reversed and a new trial awarded.

*Reversed; new trial awarded.*