# Richmond

WALTER LEE BRAXTON v. COMMONWEALTH OF VIRGINIA.

April 28, 1969.

Record No. 6925.

Present, All the Justices.

*Joseph P. Kilgore* for plaintiff in error.

*Walter H. Ryland, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Defendant, Walter Lee Braxton, was found guilty by a jury on an indictment charging him with arson and his punishment fixed at confinement in the State penitentiary for a term of seven years. Judg-

ment was entered on the verdict, and he is before us on a writ of error.

Defendant contends (1) that the evidence is insufficient to support his conviction, and (2) that the trial court erred in refusing instruction "L" and in amending instruction "O".

On Friday night, March 10, 1967, the defendant and a number of other persons were at the home of Jim Robertson, near Piney River in Nelson county. Defendant started an argument with another man and Robertson ordered him to leave the premises. Before leaving defendant asked for a match, and when no one offered him one he remarked, "I betcha by morning that this shack will be burned down." He returned to the house sometime later that night, and upon finding the door locked he threatened to break it down and to kill Robertson. When the defendant hit the door, Robertson fired a shot through it, hitting defendant in the leg. Defendant then left the premises.

The next night, sometime after 7:30 o'clock, Robertson's home was discovered to be on fire. After the fire department had extinguished the fire, an investigation revealed that it had been started in a "bed of hay" which had been placed some 10 or 12 feet under the house, beneath a large floor joist. Only part of the hay had burned, and a clearly visible trail of hay was traced to a barn located one-quarter of a mile from the Robertson home. A can containing kerosene was also found hidden under a rose bush, 25 feet from the house.

There was evidence that the defendant was seen in the vicinity of the Robertson home around 6:30 o'clock on the night of the fire and at various times during the day.

Defendant was taken into custody that same night around 9:55 o'clock at the home of "Doll" Fisher, which is located approximately one-half mile from the Robertson home. At that time particles of hay were found on defendant's clothing, undershirt and jacket. The ground was wet from rain, and defendant's shoes were muddy and water was dripping from them.

The defendant admitted that he had put the kerosene can under the rose bush. But he denied that he had put the hay under the house and set it on fire. He said that he had been in the Fisher home for the past three hours and knew nothing about the fire.

"Doll" Fisher testified that defendant had been in her home only ten or fifteen minutes before an officer arrived and took him into custody.

■ Defendant first argues that the evidence is purely circumstantial and that it is insufficient to support his conviction.

It is true that defendant's conviction is based upon circumstantial evidence. While such evidence should be received with caution, it is legal and competent and entitled to the same weight as direct testimony if it is of such convincing character as to exclude every reasonable hypothesis other than the guilt of an accused. It is often the only evidence which the nature of a case permits, and under the law of this Commonwealth whatever may be established by direct evidence in a criminal case may also be established by circumstantial evidence. *Toler* v. *Commonwealth*, 188 Va. 774, 780, 51 S. E. 2d 210, 213 (1949).

The character and sufficiency of circumstantial evidence necessary to sustain a conviction have many times been considered by this court. In *La Prade* v. *Commonwealth*, 191 Va. 410, 418, 61 S. E. 2d 313, 316 (1950), it was said:

"[I]f the proof relied upon by the Commonwealth is wholly circumstantial, as it here is, then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence. They must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt. To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty. Yet what inferences are to be drawn from proved facts is within the province of the jury and not the court so long as the inferences are reasonable and justified."

See also, *Smith* v. *Commonwealth*, 185 Va. 800, 815, 816, 40 S. E. 2d 273, 279, 281 (1946); *Garner* v. *Commonwealth*, 186 Va. 600, 611-615, 43 S. E. 2d 911, 916, 917 (1947).

In a prosecution for arson, an accused is entitled to the presumption that the fire was caused by accident rather than by the act of the accused accompanied by deliberate intent. *Simmons* v. *Commonwealth*, 208 Va. 778, 782, 160 S. E. 2d 569, 572, 573 (1968); *Jones* v. *Commonwealth*, 103 Va. 1012, 1021, 49 S. E. 663, 666 (1905).

The burden is on the Commonwealth to rebut the presumption of accident by proving that the fire which burned the Robertson home

was of incendiary origin, and that defendant was the guilty agent. *Poulos* v. *Commonwealth*, 174 Va. 495, 499, 6 S. E. 2d 666, 667 (1940); *Stine* v. *Commonwealth*, 162 Va. 856, 867, 174 S. E. 758, 763 (1934).

There can be little doubt from the evidence presented that the burning of the Robertson home was of incendiary origin. The jury could reasonably conclude that the hay, which was highly inflammable, was carried to the scene, placed in a strategic position under the house, and ignited. The can of kerosene found near the house has probative value bearing on intent and preparation to set the house on fire.

Having found that the fire was of incendiary origin, our next inquiry is whether the evidence is sufficient to sustain the finding that the defendant was the guilty agent.

Defendant harbored ill will against Robertson because on the night before the fire Robertson had ordered him out of his house and had later shot him. He was highly indignant when he was ordered out of the house, and confidently stated that the "shack" would be burned, even prior to being shot by Robertson. All during the day of the fire, and as late as 6:30 o'clock that night, he was seen in the vicinity of the Robertson home. Although there was no evidence that the can of kerosene found on the premises was used to start the fire, it could be reasonably inferred that the defendant intended to use it if necessary. When arrested, within two hours after the fire occurred, particles of hay similar to the unburned hay found under the house were found on his clothing. His assertion that he had been in the Fisher home for three hours immediately prior to his arrest was contradicted by "Doll" Fisher, and the condition of his shoes also belied his statement as to his whereabouts at the time the fire was started. All these facts and circumstances indicate more than suspicion of defendant's guilt. The jury could reasonably conclude that all the facts and circumstances shown formed an unbroken chain of evidence pointing to defendant's guilt.

The defendant next contends that the court erred in refusing instruction "L", and in deleting the word "unerringly" from granted instruction "O".

The record shows that the court granted five instructions asked for by the Commonwealth and eleven on behalf of the defendant. We have examined all of the instructions and find that the refused instruction "L", relating to circumstantial evidence, was amply covered by defendant's instruction "B" on the same subject.

Defendant's instruction "O", as offered, reads as follows:

"The Court instructs the jury that Walter Lee Braxton, the accused, must be unerringly identified beyond all reasonable doubt as the person, who set fire to the house of Jim Robertson, before he can be convicted of this arson charge. Suspicion or probability of guilt is not enough to convict of arson."

The court properly deleted the word "unerringly" from the granted instruction. It is true that the word "unerringly" was used in the opinion in *Poulos* v. *Commonwealth, supra,* 174 Va. at 499, 6 S. E. 2d at 667, but we have many times said that language used in an opinion is not necessarily appropriate for an instruction. Moreover, the jury could have concluded, if the word had not been deleted, that a higher degree of proof than "proof beyond a reasonable doubt" was required before they could convict the defendant. Thus it would have been misleading and confusing to the jury if the instruction had been given without deleting the word "unerringly."

For the reasons stated, the judgment of conviction is

*Affirmed.*