## CIRCUIT COURT OF CAMPBELL COUNTY

Commonwealth of Virginia

v.

Leo Franklin Brooks

March 9, 1973

By JUDGE WILLIAM W. SWEENEY

The captioned case was tried in the Campbell County Circuit Court on February 15, 1973. A jury convicted the accused of arson and fixed his punishment at three years in the penitentiary. All of the defendant's instructions were given and the only issue is the sufficiency of the evidence. After a review of the transcript and the case authority in Virginia, I feel that the jury verdict should stand.

The case against Brooks was circumstantial but it was strong circumstantial evidence. About the only thing the prosecution did not offer into evidence was an eyewitness to say that Brooks set the fire. Obviously, this kind of evidence is difficult to come by in an arson case and under Virginia law is not essential to support a conviction.

Viewing the evidence in a light most favorable to the prosecution, the evidence showed that the defendant's girl friend, Georgia Tolbert was living in a house which she and her sister, Maude Hawkins, rented on U.S. Rt. 501. The house was located at a point about one mile north of Rustburg. Route 501 runs between Lynchburg and Rustburg. Brooks was described as being intensely jealous of Georgia's affections and he apparently became enraged when it developed that she was seeing another man. On the night before the fire, Brooks and Maude Hawkins, the other tenant, were at a dance and Brooks told her "I will get even with Georgia for what she has done to me." (Tr. p. 48).

The next day, Sunday, November 12, 1972, Brooks came to the house about one o'clock p.m. and asked where Georgia and Maude were going that day. Later at about 4:45 Brooks and Edna Reynolds were seen at the Hilltop Restaurant in Lynchburg. At approximately 8 p.m., Maude Hawkins went back to the restaurant where she saw Brooks. This time, however, he did not speak to her as he usually did. (Tr. pp. 48-51). She stayed about ten minutes and left. When she left, Brooks was still there. At 9:30 that evening, Brooks drove up in front of a cafe where Maude Hawkins was working, stayed a short while and then left without saying anything to her.

In the meanwhile, the Campbell County Sheriff's office received a call at 6:23 p.m. on that same day that the house in question was on fire. (Tr. p. 21). The Volunteer Fire Department responded, found a small fire which had apparently started on a sofa in the living room, put out the fire, and left. The origin of the first fire was not determined. At 8:21, the Sheriff's office got a second call that this house was on fire again. When they arrived this time, there was a serious fire which did extensive damage. (See photographs and diagram of house in evidence). There was evidence that the fire had started in a back bedroom and there was a heavy odor of gasoline in the house. Robert Watkins, a State Arson Investigator, was notified and arrived the next day. He concluded positively that the second fire was of incendiary nature having been started by gasoline; that the fire had not been caused by accidental means; and that there was no rekindle of the first fire. (Tr. pp. 36, 37). He and a deputy sheriff found a plastic milk container a short distance behind the house in some weeds. The top was off and it had about a pint of gasoline in it. From its condition, it appeared to have been put there recently. (Tr. p. 39).

Edna Reynolds testified that Brooks was with her at the Hilltop Restaurant on the evening of the fires and that they left at about 8:10 p.m. There were some discrepancies in the evidence as to what time they left the restaurant and what they did thereafter, but in response to a question from the Court, Edna Reynolds stated that at about 8:20 p.m. Brooks stopped his car in which she was a passenger near a mailbox on Route 501, at a point about 400 feet from the house in question. He got out of the car telling her he needed to fix it. He was

gone about five minutes and she does not know where he went. He then returned to the car and drove south on 501 into Rustburg. As they entered Rustburg they heard the fire sirens. They turned around and went back to the fire where they watched for a while and then left. Brooks was arrested early the next morning at his home.

The distance from the Hilltop Restaurant to Rustburg, according to Deputy Williamson, is 7½ to 8 miles. Williamson testified that it would take about a minute to walk from where Brooks stopped his car to the house which was burned. (Tr. p. 74). He further testified as to the route between Brook's car and the house.

> There is a bank down there where it appeared that something had disturbed the debris. At one place, dirt had been removed that had been scratched down to the bottom. (Tr. p. 73).

In *Braxton* v. *Commonwealth*, 209 Va. 750, 167 S.E.2d 120 (1969), the Virginia Supreme Court held that an arson conviction can be based solely on circumstantial evidence. The defense instruction quoted on page 754 was given in our case at defense counsel's request. The Court said:

> It is true that defendant's conviction is based upon circumstantial evidence. While such evidence should be received with caution, it is legal and competent and entitled to the same weight as direct testimony if it is of such convincing character as to exclude every reasonable hypothesis other than the guilt of an accused. It is often the only evidence which the nature of a case permits, and under the law of this Commonwealth whatever may be established by direct evidence in a criminal case may also be established by circumstantial evidence. *Toler* v. *Commonwealth*, 188 Va. 774, 780, 51 S.E.2d 210, 213 (1949).

The two cases are somewhat similar on their facts although not identical, of course. In some respects, this case is stronger than the *Braxton* case, e.g., the evidence here puts Brooks within 400 feet of the house at the exact time the fire was started. In the *Braxton* case, the defendant took the stand and made an alibi

defense. In this case, the defense put on no evidence. The wording of the threat in the *Braxton* case and the evidence pertaining to hay found on the defendant's clothing are strong points in that case, although not controlling. In both cases, there was proven malice in the form of a recent threat, the fire was incendiary as opposed to accidental, and time and place coincided to give the defendants an opportunity as well as a motive to set the fire. These factors clearly distinguish the *Simmons* v. *Commonwealth* case, 208 Va. 778 (1968), on which defense counsel relies.

Defense relies, also, on *Jones* v. *Commonwealth*, 103 Va. 1012 (1905), a rather old case which held that evidence was insufficient to convict of arson. However, the cases are easily distinguished on the facts. As the court stated in *Jones*:

> As we have seen, there was no peculiar formation about the hoof of the horse ridden by the prisoner on the evening of the fire, and it was simply a track that might have been made by any number of horses requiring a No. 2 shoe, as it is shown this horse required. There is no direct evidence tending to prove that this fire was the work of an incendiary, and not the result of accident, and there is no attempt whatever to prove that it could not have originated in any other mode than that of an incendiary fire. 103 Va. 1012 at 1021.

Of course, no one but the person who set the fire could testify as to the exact time the fire was started. The house was close to a well-traveled highway, however, and it is reasonable to assume that someone reported it to the Sheriff's Department soon after it was started since the fire would have been visible from the road. Since the call was received at 8:21, the fire could have been started at anytime between 8:15 and 8:20. The defendant had stopped his car in front of the house at approximately this time. When he and Edna Reynolds left the place where they were parked and traveled on down Rt. 501 to Rustburg, a distance of approximately one mile, they heard the fire sirens which had been activated for this fire. Without splitting hairs as to time, this put the defendant near the fire when it was started.

The defense takes the position that Brooks could not have stopped his car on Route 501 in front of the house until after 8:20 P.M. Assuming that this is true and that the fire was started at an earlier time, why did not he and Edna Reynolds see the fire when they stopped? Certainly Edna Reynolds, sitting in a parked car for five minutes within four hundred yards of the house would have testified as to seeing fire or smoke if, in fact, the fire had been started before she and the defendant arrived on the scene.

Defense counsel further complains about evidence as to the first fire being admitted, but this was in no way prejudicial to the defendant. He was not accused of starting that fire, the origin of which was unknown. It was necessary to show the sequence of events on the day in question and to show that the later fire had not been rekindled by the first fire.

At 4 Am. Jur., *Arson*, § 54, the author states as to the sufficiency of evidence in a criminal prosecution for arson:

> Ordinarily, the sufficiency of evidence to prove the main fact of guilt, or any evidentiary fact looking thereto, is a matter within the province of the jury. Evidence in a prosecution for arson, though purely circumstantial, may be sufficient to justify the trial court in denying a motion by the defendant for a directed verdict.

The jury heard the evidence first hand and judged the witnesses' credibility. For the reasons given, the motion to set aside the jury verdict is overruled and the verdict is affirmed.